MARY REID, as Administratrix, etc., Appellant, v. HUGH Mc-CRUM, impleaded, etc., Respondent.

A covenant in a mortgage, to keep buildings on the mortgaged premises insured for the benefit of the mortgagee, is not a covenant running with the land, but is entirely personal in its character.

The holder of the mortgage, therefore, cannot claim the benefit of insurance upon the buildings procured by one holding under a conveyance of the equity of redemption from the mortgagor.

Where, however, the owner of the fee, who by his deed took subject to the mortgage, procured insurance, and by directions of his general agent, who had charge of all his business, including insurance, indorsements were made upon the policies, making the loss, if any, payable to the mortgagee, *held*, that the latter was entitled to the insurance, and that his right was not affected by a revocation of the direction and a cancellation of the indorsement made, without his knowledge or assent, by the agent

(Argued January 25, 1883; decided March 6, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made May 9, 1882, which affirmed, so far as appealed from, a judgment, entered upon a decision of the court on trial at Special Term.

This action was brought to foreclose a mortgage executed by defendants David Donald and Hamilton Waddell. Subsequent to the giving of the mortgage, the mortgagors conveyed the premises, and the title was, at the time of the commencement of the action, in defendant Hugh McCrum, who claimed under various *mesne* conveyances, all of which were in

terms subject to the mortgage. This instrument contained a covenant on the part of the mortgagors to keep the buildings on the premises insured, the policies to be assigned to the mortgagee, who in case of default was authorized to insure, and the premiums in such case were declared a part of the mortgage debt. Said McCrum during the time he owned the property resided in California. He carried on business on the premises, of which his brother John J. McCrum had the entire charge and management, including the charge of all insurance. The buildings were, previous to the foreclosure, destroyed by fire; at that time there were twenty-two policies of insurance upon the buildings and the stock and fixtures therein. These were all procured by said agent, and by their terms were made payable to Hugh McCrum, as owner. As to four of the policies which contained insurance on the buildings to the amount of $1,666, the referee found that plaintiff had no knowledge of them, but that subsequent to the issuing thereof "by direction of John J. McCrum, without the knowledge, authority or assent of defendant Hugh McCrum," an indorsement was made thereon, "loss, if any, payable to John Reed, mortgagee." That thereafter said John J. McCrum caused said indorsement to be erased and the same to be made payable to defendant Hugh McCrum and the following indorsement to be made thereon: "The mortgagee's interest having ceased, the loss, if any, is now payable to Hugh McCrum as owner." Further facts as to said four policies appear in the opinion. Plaintiff made the various insurance companies defendants and asked that defendant Hugh McCrum be required to assign to him the insurance upon the buildings and that insurance companies be required to pay over to plaintiff the several amounts due under their policies for loss upon buildings. The court decided that plaintiff was not entitled to any of the insurance moneys, and an ordinary judgment of foreclosure and sale was rendered.

*Jos. A. Burr, Jr.,* for appellant. When there is a covenant between the mortgagor and mortgagee to insure for the protection and indemnity of the mortgagee, this gives the mortgagee

an equitable lien upon the money due upon the policy to the extent of his interest. (Thomas on Mortgages, 176 ; Jones on Mortgages, § 400 ; *Carter* v. *Rockett*, 8 Paige, 437 ; *Cromwell* v. *Brooklyn Fire Ins. Co.*, 44 N. Y. 42 ; *Hayward* v. *Draper*, 7 Allen [Mass.] 267 ; *Thomas* v. *Van Kapp*, 6 G. & J. 372 ; *Norwich Fire Ins. Co.* v. *Boomer*, 52 Ill. 446 ; *Providence Co. B'k* v. *Benson*, 24 Pick. 210 ; *Lazarus* v. *Comm. Ins. Co.*, 2 Am. Lead. Cases, 834 ; *King* v. *Ins. Co.*, 7 Cush. 1 ; *Mittenberger* v. *Bascom*, 9 Penn. St. 198 ; *In re Sands' Ale Brewing Co.*, 3 Biss. 175 ; *Nicholas* v. *Baxter*, 5 R. I. 491 ; *Miller* v. *Aldrich*, 31 Mich. 408.) If the covenant to insure runs with the land, it binds and affects all persons claiming or occupying under the covenantor, and plaintiff and defendant Hugh McCrum are in the same position as though they had been the original mortgagee and mortgagor or as if Hugh McCrum, upon purchasing the premises, had expressly agreed to perform said covenant. (*Duffy* v. *N. Y. & H. R. R. Co.*, 2 Hilt. 496.) The covenant to insure contained in the mortgage, is a covenant running with the land. (2 Wash. on Real Prop. [4th ed.] 284–287 ; *Cole* v. *Hughes*, 54 N. Y. 458 ; *Trustees of Columbia College* v. *Lynch*, 47 How. Pr. 273 ; *Hurd* v. *Curtis*, 19 Pick. 459, 464 ; *Van Rensselaer* v. *Bonesteel*, 24 Barb. 365 ; 4 Kent's Com. [12th ed.] 480, note 1 ; 1 Abb. Law Dict., title "Estate" ; *Cutts* v. *Comm.*, 2 Mass. 289 ; *Palmer* v. *Miller*, 23 Barb. 399; *Excelsior F. Ins. Co.* v. *R. Ins. Co. of Liverpool*, 55 N. Y. 359 ; *Wyman* v. *Prosser*, 30 Barb. 368 ; *Hastings* v. *West. F. Ins. Co.*, 7 Weekly Dig. 60 ; *Cushing* v. *Thompson*, 34 Me. 496 ; *Carpenter* v. *Prov. & W. Ins. Co.*, 16 Peters, 495 ; *Wilson* v. *Hill*, 3 Metc. 69 ; *Colombian Ins. Co.* v. *Lawrence*, 10 Peters, 507 ; *Donald* v. *Black*, 20 Ohio, 185 ; *Masury* v. *Southworth*, 9 id. 340 ; 2 Platt on Leases, 226, 228; Platt on Covenants [3 Law Lib.], 183 ; Platt on Leases, 119 ; *Vernon* v. *Smith*, 5 B. & Ad. 6 ; 1 Jones on Mortgages, § 409 ; *Rowley* v. *Palmer*, 5 Gray, 49 ; *Mix* v. *Hotchkiss*, 14 Conn. 32.) The contract of insurance being an insurance of the property, the payment by the insurance companies to the mortgagee of the sum insured upon policies taken out by the mortgagor for the mortgagee's

benefit extinguishes the mortgage "*pro tanto.*" (*Waring* v. *Loder*, 53 N. Y. 581 ; *Clinton* v. *Hope Ins. Co.*, 45 id. 467 ; *Wood* v. *N. Y. Ins. Co.*, 46 id. 421 ; *Springfield Ins. Co.* v. *Allen*, 43 id. 393 ; *Kernochan* v. *N. Y. Bowery F. Ins. Co.*, 17 id. 428 ; *Lawrence* v. *St. M. F. Ins. Co.*, 43 Barb. 479 ; *Benjamin* v. *Saratoga Mut. F. Ins. Co.*, 17 N. Y. 415 ; *Cromwell* v. *Brooklyn F. Ins. Co.*, 44 id. 47 ; *Foster* v. *Reed*, 70 id. 19 ; *Ulster County Sav. Inst.* v. *Howe Ins. Co.*, 73 id. 161 ; *Phœnix Ins. Co.* v. *Floyd*, 19 Hun, 287 ; *Blaine* v. *Taylor*, 19 Abb. Pr. 228 ; *Meyer* v. *Burns*, 33 Barb. 401 ; affirmed, 35 N. Y. 269 ; *Allen* v. *Culver*, 3 Denio, 284 ; *Norman* v. *Wells*, 17 Wend. 148 ; *Astor* v. *Hoyt*, 5 id. 603 ; *Post* v. *Kearney*, 2 N. Y. 394 ; *Denman* v. *Prince*, 40 Barb. 213 ; 1 Wash. on Real Prop. [4th ed.] 499 ; *Vernon* v. *Smith*, 5 B. & Ald. 1 ; *Doe* v. *Peck*, 1 id. 428 ; *Thomas* v. *Van Kapf*, 6 G. & J. 372 ; *In re Sands' Ale Brewing Co.*, 4 Biss. 175 ; *Miller* v. *Aldrich*, 31 Mich. 408.) The mere fact that the covenant in the mortgage contains a provision that, in default of compliance with such covenant, the mortgagee himself may insure, is no bar to this action. (*Nichols* v. *Baxter*, 5 R. I. 491 ; *In re Sands' Ale Brewing Co.*, 3 Biss. 180.) Even if the covenant does not run with the land at law, it is binding in equity upon an assignee of the land with notice. (*Suker* v. *Dennis*, Law Rep., 7 Ch. Div. 227 ; *Miller* v. *Aldrich*, 31 Mich. 408, 413, 417, 418.) The defendant, Hugh McCrum, having through his agent expressly agreed to procure policies and assign them to Mr. Reid, the court should give effect to such agreement by compelling such an assignment. (Bigelow on Estoppel, 368 ; *Griswold* v. *Haven*, 25 N. Y. 595 ; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 30.) When a policy of insurance is taken out by the mortgagor in his name, and contains a clause "loss, if any, payable to the mortgagee," it would seem to be an insurance of the interest of the mortgagor, with an irrevocable power of attorney to the mortgagee to receive the avails of the insurance in case of loss and apply it upon the mortgage debt. (*Buffalo S. E. Works* v. *Sun Mut. Ins. Co.*, 17 N. Y. 406 ;

*Grosvenor* v. *A. F. Ins. Co.*, id. 395; affirming 5 Duer, 517; *Luckey* v. *Gannon*, 37 How. 134, 138; *Ennis* v. *Harmony F. I. Co.*, 3 Bosw. 516; Thomas on Mortgages, §§ 406, 407.)

*Rufus L. Scott* for respondent. The lien of the mortgage does not give any right to, or any equitable lien upon insurance moneys. (*Carter* v. *Rockett*, 8 Paige, 437; *Cromwell* v. *B'klyn F. Ins. Co.*, 44 N. Y. 47.) The taking of a deed subject to a mortgage, or any other personal covenant, does not create any personal liability upon the part of the grantee. He cannot be bound except by assumption or agreement upon his part. (*Scott* v. *McMillan*, 76 N.Y. 141; *Stebbins* v. *Hall*, 29 Barb. 524.) A covenant of insurance in a mortgage is a mere personal covenant, and does not run with the land. (*Carter* v. *Rockett*, 8 Paige, 437; *Cromwell* v. *B'klyn F. Ins. Co.*, 44 N. Y. 47; *Wyman* v. *Prosser*, 36 Barb. 368; *Cushing* v. *Thompson*, 34 Me. 496; *Carpenter* v. *Prov. & Wash. Ins. Co.*, 15 Peters, 495; *Wilson* v. *Hill*, 3 Metc. [Mass.] 69; *Douglass* v. *Murphy*, 16 U. C. Q. B. 113; *Norman* v. *Wells*, 17 Wend. 138; *Hastings* v. *Westchester F. Ins. Co.*, 73 N. Y. 141; *Columbian Ins. Co.* v. *Lawrence*, 10 Peters, 507; *Donald* v. *Black*, 20 Ohio, 185; *Dunlop* v. *Avery*, 23 Hun, 509; 1 Smith's Lead. Cases, 139; *Masury* v. *Southworth*, 6 Ohio L. R. 340; *Lee* v. *Whitely*, Law Rep., 2 Eq. 143; Thomas on Mortgages, 176; 1 Washburn on Real Estate, § 6, p. 497; 2 id. 286, 288; 2 Platt on Leases, 226–228; Platt on Covenants, 183.)

MILLER, J. In the case of *Dunlop* v. *Avery* (89 N. Y. 592), it was held that a covenant to insure contained in a mortgage was not a covenant running with the land; that it was entirely personal in its character and did not affect the land and was collateral and incidental to the remaining covenants in the mortgage. That decision is a complete answer to the claim made by the appellant's counsel, that the covenant to insure contained in the mortgage in this case runs with the land, and the question must be regarded as *res adjudicata*, unless some

reason exists why the case cited should not be followed and adhered to. Authorities are cited in support of that decision, and no doubt is expressed in the opinion in regard to the correctness of the rule there laid down, nor is there, we think, any ground for claiming that the question at issue was not involved in that case, as the point was distinctly presented, and if the covenant to insure was a covenant running with the land, then the plaintiff was clearly entitled to recover.

It is true that the question of imputed notice was an important and material point in that case, and the trial court and the General Term held that the defendant took his mortgage with notice and knowledge of the covenant, to insure which was contained in the record of the plaintiff's mortgage.. As the plaintiff's right would have been maintained if the covenant had been one running with the land, there is no ground for claiming that the question was not presented to, and decided by, the court. The fact, that in the case cited the land was still in the hands of the original obligor, can make no difference, and we think the position of the appellant's counsel that because no one had bought no one could be affected by it, did not affect or impair the right of the mortgagee to claim the benefit of the covenant, if it was one running with the land. In the above case the plaintiff claimed, as senior mortgagee, and that the covenant to insure entitled him to the insurance money, and the defendant claimed as a junior mortgagee. If the covenant ran with the land the plaintiff clearly had an equity which was superior and prior to that of a subsequent incumbrancer, and this by virtue of the covenant which gave him the prior right and which could not be disturbed or destroyed by an assignment of the policy to a junior mortgagee. We are, therefore, unable to perceive why the case cited is not a direct authority upon the question under consideration, and we think the remarks in the opinion therein on this point are not *obiter dictum*, as claimed. Assuming, however, that the question is before us we are of the opinion, after an examination of the elaborate brief of the counsel for the appellant and the authorities cited, that the covenant in question did not run with the land. There is a distinc-

tion between a case where there is a covenant to rebuild or repair upon the destruction of the property by fire, and where there is no such covenant, and while there may be some reason, perhaps, for sustaining the former covenant as running with the land, there is none whatever for upholding the latter. It may be remarked that as the question is not presented here we are not, therefore, called upon to express an opinion in regard to the effect of a covenant which contains the provision referred to as to rebuilding and repairing. A careful examination of the authorities presents no case where it has been distinctly held that a simple covenant of insurance runs with the land. The counsel for appellant claims that he is entitled to recover on four of the policies, amounting together to the sum of $1,050 on the buildings, if not the full amount of all the policies. This position is based upon the ground that an indorsement was made in September, 1880, upon these policies by direction of the agent of the defendant. "Loss, if any, payable to John Reid, mortgagee." It appears that in December, 1880, John J. McCrum, the agent above named, procured the indorsement to be erased and instead thereof the following to be made: "The mortgagee's interest having ceased, the loss, if any, is now payable to Hugh McCrum as owner." Upon these facts the question arises whether the alteration made changed the disposition to be made of the insurance money. The respondent's counsel insists that the original indorsement was made without the authority of the owner; that the policies were never delivered to Reid, and that he had no knowledge of them previous to the fire in May, and that they covered stock and machinery upon which Reid claimed no lien, and that they covered over five times in amount on stock and machinery more than on buildings.

As a general rule, where a policy is taken out, with loss payable to a particular individual, such person is entitled to the amount of the policy in case of loss. Could this direction be revoked without the consent of the person for whose benefit it appeared to have been made? On its face it was a contract of the insurance company to pay the money in case of loss to the person named, and if it had remained unrevoked, such

person would clearly have been entitled to the same. The appellant never consented to the change of indorsements, and the court so found. The original indorsement would not be an absolute assignment of the policy, nevertheless the mortgagee would be entitled to the benefit of such indorsement if made on his behalf, and if there was authority to direct the indorsement the plaintiff would be entitled to any loss on these policies, so far as it occurred on the buildings insured. The court, however, found that the indorsement was made by the direction of John J. McCrum, without the knowledge, authority or assent of the defendant Hugh McCrum. This finding, we think, is not supported by the evidence. The testimony shows that John J. McCrum was the general agent of Hugh McCrum and also his agent in regard to insurance, the same as in reference to the business of Hugh, which was under his charge. There is also evidence, which is not contradicted, that John made a statement to the plaintiff's intestate to the effect that policies were issued in the name of Mr. Reid. It appears that the four policies named in the ninth finding were in accordance with this statement. If these policies had been delivered to Mr. Reid or to his agent, or to any person on his behalf, there would be no question but that he would have been entitled to the amount of the loss upon the same; that they were not delivered, we think, can make no difference. They were left with the insurance agent evidently for the benefit of Mr. Reid. The contract was thus in effect partially executed, and being thus executed the defendant Hugh McCrum is estopped from claiming that it could be changed afterward without the assent of Mr. Reid. The agent was acting within the scope of his authority in obtaining the policies, and as he contracted that the loss be made payable to Mr. Reid, and as this was done and the policies left for the benefit of Mr. Reid, we think it cannot be urged that he exceeded his power. The statement of the agent that the policies should be issued in the name of Mr. Reid, without any thing being done to carry it out, presents a different question, and it is not apparent how such an arrangement, entirely unexecuted, could

·bind the principal, without direct proof of authority to that effect.

When, however, the contract has been carried into effect it cannot be said that the indorsement was made on the four policies without the knowledge, authority or assent of the defendant, and that the agent was authorized subsequently to direct the alteration which was made. We think there was no question as to notice of the existence of the covenant to the defendant arising in this case which requires examination. Nor is there sufficient evidence of any agreement to assign the policies by the defendant which entitles the plaintiff to the avails thereof. The court refused to find in this respect as requested by the appellant's counsel, and we are not prepared to say that such refusal was erroneous.

The other questions presented have received due attention and do not require comment.

For the error stated the judgment should be reversed and a new trial granted, with costs to abide the event, unless the defendant stipulates that the decree be modified so as to allow the plaintiff the amount of loss upon the real estate which was adjusted upon the four policies which were made payable to John Reid, mortgagee. In which case the judgment as modified should be affirmed, without costs of appeal in this court to either party.

All concur.

Judgment accordingly.