AGNES HAERTER SHEEHAN, Respondent, *v.* SPRING VALLEY WOOD PRODUCTS CORPORATION, Appellant, Impleaded with HOME INSURANCE COMPANY and Others, Defendants.

Second Department, December 17, 1920.

Mortgages — Real Property Law, section 254, subdivision 4, and section 257, construed and applied — covenant to insure property for benefit of mortgagee — obligation of grantee of mortgaged premises who purchases subject to mortgage but does not assume obligations thereof — lien of mortgagee on insurance moneys derived from policy taken out by purchaser in own name.

The effect of section 254, subdivision 4, and section 257 of the Real Property Law in reference to insuring mortgaged premises is to include as parties in the covenant not only the mortgagor but also the representatives thereof, so that the covenant binds those who may thereafter assume its obligations.

But where a grantee of real property on which there is an existing mortgage containing a covenant to insure for the benefit of the mortgagee, takes title subject to the mortgage but does not assume the payment thereof, such grantee is not bound personally to insure the premises, but he is charged with liability to have added to the mortgage debt an amount sufficient to reimburse the mortgagee for any insurance premium which he might properly incur for his security.

A covenant by a mortgagor to keep the mortgaged premises insured for the benefit of the mortgagee is entirely personal in its character and does not affect the land or run with it, and is collateral and incidental to the remaining covenants in the mortgage.

A mortgagee is not entitled to a lien upon the proceeds of insurance upon a building destroyed by fire where the insurance was taken out and paid for by the owner of the premises who purchased the same subject to, but who did not assume the obligation of the mortgage which contained a clause for insurance in favor of the mortgagee.

APPEAL by the defendant, Spring Valley Wood Products Corporation, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Rockland on the 19th day of July, 1920, upon the decision of the court rendered after a trial at the Rockland Special Term, impressing a lien upon certain proceeds of insurance upon a building destroyed by fire on May 12, 1920, in favor

of plaintiff as equitable owner, to the extent of plaintiff's mortgaged debt of $7,000, with $125 interest and costs.

On October 14, 1909, one Julia F. Meister, who had purchased these premises subject to a $6,000 mortgage, gave a further mortgage thereon to the plaintiff to secure payment of a bond for $6,000. Among its covenants was the clause: "That the party of the first part will keep the building on said premises insured against loss by fire, for the benefit of the mortgagee."

Thereafter Julia F. Meister conveyed the premises subject to such mortgage, also to the $6,000 prior mortgage, to persons from whom on May 25, 1914, the property passed to the Ludwig-Goldfield Corporation, which on June 13, 1914, gave to plaintiff a further mortgage on this property for $1,000 (subject to both the foregoing mortgages), which also contained a covenant to keep the property insured in the same wording as in the Meister mortgage.

On February 25, 1916, an assignee for the benefit of creditors of the Ludwig-Goldfield Corporation conveyed the equity in the mortgaged premises to one David L. Cohen, with a recital that same was "Subject to all liens and incumbrances thereon," from whom, on April 15, 1918, the property passed to appellant by conveyance with this recital: "The above premises are subject to three certain mortgages recorded in the Clerk's office of Rockland County, and now liens on said premises, viz.— mortgage made by William Heyenga to Jacob R. Telfair, dated April 3rd, 1882, to secure the payment of $6,000; another mortgage made by Julia F. Meister to Agnes Haerter, dated October 14th, 1909, to secure the payment of $6,000; another mortgage dated June 13th, 1914, made by Ludwig-Goldfield Corporation to Agnes Haerter, to secure the sum of $1,000."

Appellant had the buildings insured in different insurance companies for $56,650.

One policy of the Hartford Fire Insurance Company for $2,500 covering said buildings and contents, provided that the loss, if any, should be payable to the insured plaintiff, and John D. Dunlop, the other mortgagee, as their interest may appear. The total insured loss on the building was $13,971.78, and the proportionate amount on this $2,500

policy was conceded to be $558.87, of which $300.93 was applicable to plaintiff's mortgages.   Besides this $2,500 policy, all the other insurance had been taken by the appellant for its own protection and not for the benefit of plaintiff, or of the other mortgagee, and the terms of the policies covered such interest only.   The covenant that mortgagor will keep buildings insured, contained in the statutory short form of mortgages, originally enacted by subdivision 3 of section 4 of chapter 475 of the Laws of 1890, was re-enacted in 1896 by the former Real Property Law (Gen. Laws, chap. 46 [Laws of 1896, chap. 547], § 219, subd. 3) and was again re-enacted in 1909 by the present Real Property Law (Consol. Laws, chap. 50 [Laws of 1909, chap. 52], § 254, subd. 3).   By chapter 682 of the Laws of 1917, these provisions of section 254 were amended and became subdivision 4 of said section 254.   These provisions are to be construed with section 257 of the Real Property Law, declaring that "All covenants contained in any grant or mortgage of real estate bind the heirs, executors, administrators, successors and assigns, of the grantor or mortgagor, and inure to the benefit of the heirs, executors, administrators, successors and assigns of the grantee or mortgagee in the same manner and to the same extent, and with like effect as if such heirs, executors, administrators, successors and assigns were so named in such covenants, unless otherwise in said grant or mortgage expressly provided."   (See, also, Laws of 1890, chap. 475, § 5; Real Prop. Law of 1896, § 222.)

The lien upon these insurance proceeds was decreed, because the mortgage clauses were considered to import that the mortgagors, their successors and assigns, including appellant, should keep the building insured for benefit of plaintiff, as mortgagee.

*Samuel L. Wallerstein,* for the appellant.

*Frank Comesky,* for the respondent.

PUTNAM, J.:

These forms authorized in the Real Property Law abridged covenants in deeds and mortgages.   They read into such

insurance covenant the terms "successors and assigns;" also "personal representatives," which are to be applied both to covenantor and covenantee. This legislation was not intended to work a change in the substantive law, but to reduce and simplify verbiage.* The courts, therefore, may presume that the Legislature, in its re-enactment of the consolidated statutes, did not intend to change the substance of the law. (See *Fifth Avenue Building Co.* v. *Kernochan*, 221 N. Y. 370, 374.)

The effect of these enactments regarding mortgages is to include as parties in these covenants not only the mortgagor but the representatives thereof, an implication which, besides the maker of the covenant, binds those who may thereafter assume its obligation. Here none of the grantees assumed the plaintiff's mortgages, but all took title subject thereto. Such grantees are not bound personally to insure. The clause, however, charges them with liability to have added to the mortgage debt an amount to reimburse the mortgagee for any insurance premium which she might properly incur for her security.

An examination of the original record in *Dunlop* v. *Avery* (89 N. Y. 593), tried by a referee, shows a finding by him (p. 23), "That the said defendant, Chapman W. Avery, in said mortgage covenanted on his own behalf and in behalf of his legal representatives, to keep the property described in said mortgage insured for $2,000 and that the losses if any by fire should be paid to the said Dunlop (plaintiff), or a sufficient amount thereof to satisfy any balance unpaid on the said mortgage." Yet that judgment held that such

---

* The original act for consolidation and revision of the general statutes (Laws of 1889, chap. 289, § 2) directed the commission to "suggest such omissions, contradictions and other imperfections as may appear in the existing statutes so proposed to be revised and consolidated, with recommendations for the amendment thereof, and they shall provide for the specific repeal of the statutes which would be superseded or covered by the general statutes so proposed by said commissioners."

The later creation of the Board of Statutory Consolidation (Laws of 1904, chap. 664) enacted (§ 2) that "The statutes shall not be changed in substance except that as to matters of procedure such board shall report for enactment such amendments as it may deem proper and necessary to condense and simplify the existing practice and as shall adapt the procedure to existing conditions." — [NOTE BY THE COURT.

covenant was " entirely personal in its character, does not affect the land or run with it, and is collateral and incidental to the remaining covenants in the mortgage" (p. 599). Obviously the same effect must follow a rule of statutory construction which makes this short form equivalent to the longer form there considered.

That such affirmative covenants do not run with the land was mentioned in *Miller* v. *Clary* (210 N. Y. 127).

The large and increasing volume of mortgage insurance forbids the idea that in a statute to abridge common forms it was intended to overturn and unsettle a rule of covenants accepted in New York since 1882 and reaffirmed in *Reid* v. *McCrum* (91 N. Y. 412) and now widely recognized. (Joyce Ins. [2d ed.] § 23, n. 8; 27 Cyc. 1259; *Columbia Ins. Co. of Alexandria* v. *Lawrence,* 10 Pet. 507, 513; *Farmers' Loan, etc., Co.* v. *Penn Plate Glass Co.,* 186 U. S. 434.)

I advise, therefore, to reverse the conclusions and judgment of the learned Special Term, and to dismiss the complaint, with costs in both courts.

JENKS, P. J., MILLS, RICH and KELLY, JJ., concur.

Judgment reversed and complaint dismissed, with costs in both courts.