William R. Brennan, Jr., J.
In the unincorporated area of Little Neck in the Town of North Hempstead is situated a parcel of real property improved with a one-story building which is the subject of this litigation. The action seeks a mandatory injunction requiring the present owner, the defendant Eckerman, to demolish and remove the building or, in the alternative, to conform the structure to the town’s building zone ordinance and building code.
In 1947 the defendant Long Island Lighting Company (“ Lilco ”) owned the property which was situated in a Residence B zone, primarily though not exclusively confined to single-family detached dwellings. In October of that year the Board of Appeals of the plaintiff township, acting upon an application of Lilco to construct a gas compressor unit, enacted a resolution granting the desired use for a period of five years expiring October 3, 1952. The resolution also authorized the erection of a building of specified dimensions, architecture and appearance to house the gas compressor, and provided that detailed plans for the building be submitted to and approved by the Board of Appeals and the Manager of the Building Department. The resolution further provided that at the expiration of the permit, the building be immediately removed from the premises. On September 3, 1952 the temporary permit was extended until October 3,1957.
On November 29, 1955, however, Lilco, having removed the gas compressor, conveyed the property to Eckerman by bargain and sale deed which did not refer to the conditional-use permit. The permit was not recorded in the office of the County Clerk, but remained in the files of the Town Clerk’s office. In February of 1959 the Town Attorney suggested to the new owner that the building be removed and threatened appropriate legal action if he failed to co-operate. Upon refusal, this action was instituted in April of 1959.
*800 At the outset, there is a challenge to the complaint by Eckerman upon the ground that the town lacks capacity to sue. He argues that if there is a cause of action it is vested in the building official of the town who is not a party. This technical objection is utterly without merit. It rests upon section 181.1 of the ordinance making it the duty of the building official to enforce the provisions of the ordinance, and vesting in him power and authority so to do; and upon section 138 of the Town Law providing that the Town Building Inspector, where appointed, shall have charge of the enforcement of construction codes and the zoning ordinance. However, section 268 of the Town Law authorizes the Town Board to provide by ordinance for enforcement of zoning and planning provisions of the Town Law and of any rule or regulation made thereunder. Further, it provides that the “ proper local authorities of the town ” may institute an injunction action. This must be read with section 135 which gives to the Town Board power to institute actions1 ‘ in the name of the town ’ ’ to compel compliance with or restrain by injunction the violation of any ordinance, rule or regulation adopted by the Town Board. Moreover, section 65 provides that the Town Board may authorize and direct any town officer to institute any action in the name of the town as it may deem necessary for the protection or benefit of the town, in any of its rights or property (cf. Town of Hempstead v. Lawrence, 138 App. Div. 473; 4 Op. St. Comp., 1948, p. 98, File No. 2707). The authorities cited by the defendant are not apropos because in each instance the challenged action or proceeding had been instituted by a private citizen and the language used in the opinions must be read in that context. Thus the power of the town to maintain this action is clear.
The action was tried before me at Special Term, Part III, and, since both defendants rested after the plaintiff completed its case, the record consists only of the exhibits and the testimony of the Town’s Building Inspector. From this evidence I find that the structure resembles a dwelling, conforms to the esthetic pattern of the neighborhood, and was constructed in compliance with the building requirements set forth in the empowering resolution. This is demonstrated by the very issuance of the building permit. The structure is essentially a shell of steel framework and walls of transite boarding vrith no interior partitions and no finished interior walls. As noted above, however, the building is not an eyesore, nor does it clash with the harmony of the residential community in which it is situated.
*801 In order for the town to succeed in this action, it must show a violation of either the zoning ordinance, the building code or the empowering resolution. The zoning ordinance is not violated. The area and setback requirements are met. Nor is there a violation of the ordinance by virtue of any use to which the property is put. The property is now, and has been since the defendant Eckerman purchased it, unoccupied and undedicated to any use whatsoever. The building code is not violated. The structure was erected in accordance with plans and specifications approved by the Building Department and the permit for its construction was duly issued. The fact that the building would not conform to the code if it were used for dwelling purposes avails the town nothing, since the structure is not being used for such a purpose. Nor is there any evidence whatever that the quality of the materials or the maintenance of the structure has any deleterious effect upon the public safety or health.
We are, therefore, left to the rights of the town under the resolution originally adopted and thereafter extended by the Board of Appeals. This resolution purported to prohibit the defendant Lilco from selling the property. Leaving aside the fundamental question of the validity of such an outright restraint upon the alienation of real property, the town can in no event obtain injunctive relief from Lilco for the alleged breach of that portion of the resolution, since the conveyance has in fact been made and such a promise not to convey, made by the grantor to a third party, could not divest the grantee of title. Insofar as the agreement to demolish is concerned, Lilco, no longer owning the property, cannot be compelled to enter upon Eckerman’s property, commit a trespass, and destroy the building. Thus, whatever other remedies may possibly exist, this complaint, seeking affirmative injunctive relief, must be dismissed against the defendant Lilco.
With respect to the defendant Eckerman, since the resolution was never recorded, there is nothing in the chain of title which placed him on constructive notice of the requirement for demolition of the building. (See Buffalo Academy of Sacred Heart v. Boehm Bros., 267 N. Y. 242.) Whether he is held to have constructive notice of the resolution by virtue of its questionable status as a public regulation (cf. Utah v. Dickinson, 82 N. Y. S. 2d 356), or whether, since no proof whatsoever was adduced by any party as to actual notice, he has failed to sustain his burden of proof as to his status as an innocent purchaser for value (cf. Hood v. Webster, 271 N. Y. 57), are questions which need *802 not be decided. In either event, since he did not assume its obligations, the only way in which the defendant Eckerman could be held responsible for the demolition and removal of the building would be if the resolution constituted a covenant running with the land. In Guaranty Trust Co. v. New York & Queens County Ry. Co. (253 N. Y. 190, 204) Judge Cardozo, in speaking for a unanimous court, stated: “ Subject to a few exceptions not important at this time, there is now in this State a settled rule of law that a covenant to do an affirmative act, as distinguished from a covenant merely negative in effect, does not run with the land so as to charge the burden of performance on a subsequent grantee (Miller v. Clary, 210 N. Y. 127; Sheehan v. Spring Valley, etc., Corp., 194 App. Div. 119; Clark on Covenants and Interests Running with Land, pp. 157, 158; cf. Morehouse v. Woodruff, 218 N. Y. 494, 501; Booth v. Knipe, 225 N. Y. 390, 395). This is so though the burden of such a covenant is laid upon the very parcel which is the subject-matter of the conveyance.”
While this opinion was distinguished in Neponsit Property Owners’ Assn. v. Emigrant Ind. Sav. Bank (278 N. Y. 248) and later in Nicholson v. 300 Broadway Realty Corp. (7 N Y 2d 240), the rationale of these later cases indicates that the affirmative covenant to demolish the building in the case at bar is not one which runs with the land. The resolution here adopted indicates clearly that the original covenantor and covenantee intended no such a result, for if they had, the outright prohibition against alienation of the property would not have been inserted. The town anticipated that the lighting company would demolish the building before it sold the property. It did not intend that the duty to demolish would run with the land. Indeed, such a construction would torture the obvious intent of the Board of Appeals in granting the conditional-use permit. Moreover, such a covenant does not “ touch or concern ” the land under the rules laid down in the Nicholson case (supra). This covenant does not, on the one hand, impose a burden upon an interest in one parcel which, on the other hand, increases the value of a different interest in the same or related parcel. Thus it is not within the exception to the general rule that a covenant to do an affirmative act does not run with the land so as to charge the burden of performance on a subsequent grantee.
In addition to the foregoing, the town must fail because it has demonstrated no damage. If the property is attempted to be used in the future, the town may deny the issuance of a certificate of occupancy until the building is made to conform. Damage *803 is an essential part of the relief it seeks, whether such relief be designated as an action to compel specific performance of an affirmative covenant or as one for a mandatory injunction. 1 ‘ The rule is that, where there is great hardship on defendant in an action for specific performance, without any considerable gain to plaintiff, the court, in the exercise of its equitable powers, may refuse specific performance. (Kleinberg v. Ratett, 252 N. Y. 236; Miles v. Dover Furnace Iron Co., 125 N. Y. 294; Conger v. New York, W. S. & B. R. R. Co., 120 N. Y. 29.) ” (Warren v. Hoch, 276 App. Div. 607, 610.)
If the action be viewed as one for a mandatory injunction, the following quotation from Forstmann v. Joray Holding Co. (244 N. Y. 22, 29-30) is most appropriate: “ An injunction will be withheld as oppressive when it appears that the injury is not serious or substantial and that to restrain the acts complained of would subject the other party to great inconvenience and loss.” (See, also, Matter of Harbison v. City of Buffalo, 4 N Y 2d 553.) The complaint must accordingly be dismissed against the defendant Eckerman.
The foregoing constitutes the decision of the court pursuant to section 440 of the Civil Practice Act and all motions upon which decision was reserved at the trial are resolved accordingly. Settle judgment on notice dismissing complaint, with costs.