█ Town of Thompson, Respondent, v Eric Alleva et al., Appellants. —Appeal from an order of the Supreme Court at Special Term, entered October 2, 1979 in Sullivan County, which denied defendants' cross motion for leave to serve an amended answer and for summary judgment and granted summary judgment to plaintiff. This action to permanently enjoin defendants from using their premises as a motor vehicle service station, public garage or junk yard, and, further, to compel them to remove all offending materials from said premises, since such conduct allegedly violated the terms of certain town ordinances, was commenced without the authority of the Town Board of the Town of Thompson. In connection with their cross motion for leave to serve an amended pleading, the defendants submitted a proposed amended answer containing a "sixth" affirmative defense challenging plaintiff's capacity to sue (CPLR 3211, subd [a], par 3), and a "seventh" affirmative defense alleging that the complaint failed to state a cause of action (CPLR 3211, subd [a], par 7). Since the time to amend a pleading as of course had expired (CPLR 3025, subd [a]), we must determine if Special Term erred in denying leave to amend pursuant to CPLR 3025 (subd [b]). That subdivision specifically states that "Leave shall be freely given". This phrase has consistently been interpreted to mean that in the absence of prejudice or unfair advantage, leave to amend should be permitted (see Siegel, New York Practice, § 237). Plaintiff failed to demonstrate any such prejudice or unfairness. Accordingly, we conclude that Special Term abused its discretion in denying leave to defendants to serve their proposed amended answer. Turning to the issue that would have been posited had leave been granted to serve the amended answer, we are compelled to conclude that the action commenced in the name of the Town of Thompson was unauthorized absent a resolution of the town board. Thus, the named plaintiff did not have the legal capacity to initiate the action (CPLR 3211, subd [a], par 3). Authority for the Town of Thompson to institute a legal action to enjoin a violation of its zoning ordinance is set out in sections 65, 135 and 268 of the Town Law. These sections are *in pari materia* and when read together clearly spell out the procedure to be followed. Section 268 authorizes the town board to provide by ordinance for enforcement of local zoning laws, and while it provides (subd 2) that "proper local authorities of the town" may institute injunctive actions, such authority must be read with subdivision 1 of section 135 which empowers the town board to initiate actions "in the name of the town" to enjoin ordinance violations. These two sections are compatible with section 65 which provides that the town board may authorize or direct any town officer to initiate any action in the name of the town as it may deem necessary for the protection and benefit of the town's rights or property (see *Town of North Hempstead v Eckerman*, 30 Misc 2d 798, 800, affd 21 AD2d 751). We decide no other issues. Accordingly, since Special Term should have granted leave to defendants to serve the amended answer which by the "sixth" affirmative defense recited therein provided an absolute defense to this action, we conclude that summary relief should have been granted to defendants. Order reversed, on the law, and defendants' cross motion granted, with costs. Mahoney, P. J., Sweeney, Main and Casey, JJ., concur.

Kane, J., concurs in part and dissents in part in the following memorandum. Kane, J. (concurring in part and dissenting in part). I agree with the majority insofar as it concludes that defendants should be granted permission to serve an amended answer, but I do not believe they are further entitled to summary relief. Although explicit statutory authorization is not required (cf. *New York Trap Rock Corp. v Town of Clarkstown,* 299 NY 77), the sections of the Town Law cited by the majority plainly empower a town to initiate an action to enjoin violations of its zoning ordinance. Defendants' contention that plaintiff failed to properly exercise such authority does not represent a true attack on its legal ability or "capacity" to maintain this litigation (CPLR 3211, subd [a], par 3); it merely presents a defensive challenge to the validity of the town's apparent decision to do so. None of the foregoing statutes mandate the passage of a resolution as a precondition to the commencement of judicial proceedings, and the absence of a directive to undertake specific action does not necessarily reflect a choice to eschew avenues of legal redress. The instant lawsuit has been brought in the name of the town by its assistant attorney and appears to be regular on its face. However, since the opposing affidavits on the motion do not conclusively establish the will of the town board in the matter, the issue cannot be resolved in a summary manner in favor of either party. Accordingly, the order appealed from should be reversed and defendants' motion granted to the extent of allowing them permission to serve an amended answer.