John W. Sutton, Esq. Town Attorney Galway, New York
You inquire whether a town may delegate to the zoning administrative officer of the town responsibility to initiate actions to enforce the zoning laws.
You cite Town of Thompson v Eric Alleva, et al., 76 A.D.2d 1022 (3d Dept, 1980), in which the Appellate Division held that an action to enjoin a violation of a town zoning ordinance could not be initiated absent a resolution of the town board authorizing the action. This case interpreted section 268 of the Town Law, which provides for proper legal authorities of the town to institute actions and proceedings to prevent violations of zoning regulations. It was decided that the language of section 268 must be read together with sections 135 and 65
of the Town Law. Section 135 empowers the town board to maintain an action or proceeding in the name of the town to compel compliance with or to restrain violation of zoning regulations. Section 65 provides for the town board to authorize and direct any town officer to institute, defend or appear in any action or legal proceeding in the name of the town. The Court concluded that the town board must authorize an action to enjoin violation of a town zoning ordinance.
In our opinion, a town, by resolution, may delegate to a zoning administrative officer, authorized to administer the zoning laws, the duty to commence actions and proceedings necessary to enforce the town's zoning laws. In adopting the resolution, the town would be acting under the provisions of sections 268 and 65 of the Town Law.
Town of Thompson v Eric Alleva, et al., supra, dealt with an action initiated without any authorizing resolution of the town board. We find nothing in the opinion of the Court that would forbid a blanket resolution authorizing a specific officer of a town to enforce the provisions of a local law. Nor do we view such a resolution as an unlawful delegation of legislative authority. The town board fulfills its responsibilities as the legislative body of the town by adopting the zoning laws, establishing penalties for violations and authorizing the zoning administrative officer to commence actions and proceedings to enforce the provisions of the zoning laws. In commencing actions and proceedings to enforce the zoning laws, the zoning administrative officer would be exercising an administrative and not a legislative function.
We conclude that a town, by blanket resolution, may authorize the zoning administrative officer to commence actions and proceedings to enforce the provisions of the town's zoning laws. We suggest, however, that the town board consider some restrictions in the blanket resolution such as a requirement that the town attorney concur in the institution of an action in the name of the town, that the supervisor concur, or perhaps that the members of the board be advised in advance of the intention to bring the action — or some combination of these restrictions.