■ ELIZABETH DIAS, Also Known as ELIZABETH R. DIAS, et al., Respondents, v JED BERMAN, Appellant.—Order of the Supreme Court, Bronx County (Bertram Katz, J.), entered February 11, 1992, which, *inter alia,* denied defendant's motion for consolidation of this action with one brought by plaintiff against Frederick Saunders, unanimously affirmed, without costs.

Plaintiffs seek to recover damages for defendant Berman's malpractice in treating Elizabeth Dias for injuries sustained as a result of a fall on a sidewalk outside the Elmsford home of Frederick Saunders. Plaintiff commenced two separate actions in Bronx County: one against Saunders for physical injury caused by the fall, and one against defendant Berman for dental malpractice. Defendant Berman moved to consolidate the two actions. The court denied the motion and this appeal ensued. The action against Saunders was subsequently removed from Bronx County to Westchester County.

Whether a motion to consolidate is granted or denied is "directed to the sound discretion of the court, and the court is given wide latitude in the exercise thereof" *(Inspiration Enters. v Inland Credit Corp.,* 54 AD2d 839, 840, *appeal dismissed* 40 NY2d 1014). Defendant has failed to demonstrate that denial of his application for consolidation constitutes an abuse of discretion. We note that the dental treatment was administered in the Bronx whereas the fall occurred in Westchester. Moreover, the instant action is ready for trial while the Westchester action is not and, thus, the motion for consolidation is interposed on the eve of trial. Finally, plaintiffs stipulate, in their brief on appeal, that if successful in the dental malpractice action they will discontinue the action against Saunders, thus obviating any problem of double recovery. Concur—Wallach, J. P., Kupferman, Kassal and Rubin, JJ.