■ MELODY SMITH et al., Respondents, v CAROL R. SMITH et al., Appellants. (Action No. 1.) MELODY SMITH et al., Respon-

dents, v JAMES J. WHITE, JR., Respondent. (Action No. 2.) [689 NYS2d 805] —Order unanimously affirmed with costs. Memorandum: Plaintiffs commenced an action seeking damages for personal injuries sustained by Melody Smith (plaintiff) in an automobile accident (action No. 1). Defendants therein moved to consolidate that action with a medical malpractice action subsequently commenced by plaintiffs against a physician who treated plaintiff for the injuries she sustained in the automobile accident (action No. 2). Supreme Court did not abuse its discretion in denying the motion (*see, Dias v Berman,* 188 AD2d 331). Where common questions of law or fact exist, consolidation should be granted unless the party opposing consolidation establishes prejudice to a substantial right (*see, Zupich v Flushing Hosp. & Med. Ctr.,* 156 AD2d 677). Although the fact that actions are at different stages of discovery generally is insufficient to establish prejudice to a substantial right (*see, Collazo v City of New York,* 213 AD2d 270; *Zimmerman v Mansell,* 184 AD2d 1084, 1085), here plaintiffs demonstrated that, when the consolidation motion was made, discovery was complete, a note of issue was filed and the trial was scheduled in action No. 1, while action No. 2 was still in the pleading stage. Thus, in the circumstances of this case, plaintiffs have established prejudice to a substantial right (*see, Dias v Berman, supra; Rennert Diana & Co. v Kin Chevrolet,* 137 AD2d 589; *Mulligan v Farmingdale Union Free School Dist. No. 22,* 133 AD2d 617; *see also, Gardner v City of New York,* 102 AD2d 800, 801). (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Consolidation.) Present—Pine, J. P., Hayes, Pigott, Jr., Scudder and Balio, JJ.