Crew III, J. P., Spain, Graffeo and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.

■ Town of Claverack, Respondent, v F. Robert Brew, Jr., et al., Appellants. [716 NYS2d 748] —Graffeo, J. Appeal from an order of the Supreme Court (Cobb, J.), entered September 22, 1999 in Columbia County, which, *inter alia*, denied defendants' motion for summary judgment dismissing the complaint.

Plaintiff, a town within Columbia County, commenced this action for injunctive relief prohibiting defendants from using a parcel of land as an airstrip or airport, claiming such use violated the local zoning law. Without opposition, a preliminary injunction was obtained which enjoined defendants from "operating an airport and/or taking off and landing planes on their property." Thereafter, defendants answered the complaint, contending that the use of the parcel by a not-for-profit organization, The Olde Klaverack Aerodrome Flying Club, was

lawful, and raising various affirmative defenses, including that plaintiff lacked capacity to bring the action.

In a combined motion to dismiss the complaint, for summary judgment on the merits and to vacate the preliminary injunction, defendants asserted several legal theories in support of their argument that the use of the property as an airstrip did not violate plaintiff's zoning law. In addition, defendants pressed their procedural argument that the action should be dismissed due to a lack of capacity to initiate this lawsuit, arguing the litigation was unauthorized because it was not brought by the Building Inspector or Zoning Enforcement Officer. In particular, in its supporting attorney affidavit and memorandum of law[1] submitted in Supreme Court, defendants cited a local law enacted by plaintiff's Town Board which delegated the authority to enforce zoning ordinances to the zoning enforcement officer (see, Local Laws, 1997, No. 4 of the Town of Claverack § 13-3-1) and Town Law § 138, which empowers a local building inspector to enforce local zoning ordinances.

Plaintiff opposed the motion and cross-moved for summary judgment. Supreme Court denied both parties' motions, finding that material issues of fact precluded summary judgment. In rejecting the contention that plaintiff lacked capacity to commence this action, Supreme Court determined that the language of the relevant statutes or local laws did not vest the building inspector or zoning enforcement officer with the exclusive authority to commence a lawsuit enforcing plaintiff's zoning ordinance. Defendants now appeal.

Preliminarily, we note that " '[c]apacity' * * * concerns a litigant's power to appear and bring its grievance before the court" (Community Bd. 7 v Schaffer, 84 NY2d 148, 155) and, as such, "[c]apacity focuses on the legal ability of [an] individual or entity to seek judicial relief and not on the cause of action which may nonetheless belong to the individual or entity" (Silver v Pataki, 274 AD2d 57, 60). While the issue may turn on the legal status of a party, such as infancy or incompetency, the question of capacity also arises in suits brought by governmental entities (see, Community Bd. 7 v Schaffer, supra, at 155-156). As these entities are creatures of statute, "their right to sue, if it exists at all, must be derived from the relevant enabling legislation or some other concrete statutory predicate" (id., at 156).

---

1. Although the memorandum of law was not included in the record, the document was appended to plaintiff's brief and we have considered it only insofar as it is relevant to address plaintiff's contention that the capacity issue is not properly before this Court for review.

There can be no question that towns have the statutory right to initiate judicial actions to enforce their local zoning laws (*see*, Town Law § 268 [2]; *see also*, Town Law § 135 [1]). Based on the relevant provisions of the Town Law, this Court has previously held that the authority to commence an action in the name of a town to enforce a local zoning ordinance lies with the town board (*see*, *Town of Thompson v Alleva*, 76 AD2d 1022; *see also*, Town Law §§ 65, 135 [1]; § 268 [2]; *see generally*, *County of Sullivan v Town of Thompson*, 99 AD2d 574, 575 ["Initiating an independent lawsuit is an offensive maneuver, one that requires affirmative authorization if it is to have authenticity."]). Absent authorization by a town board to bring such a suit, an action brought in the name of a town must be dismissed on the ground of lack of capacity to sue (*see*, *Town of Thompson v Alleva, supra*).

On appeal, defendants continue to assert that this action was not initiated by the appropriate Town actor, arguing that the litigation was improperly commenced because it was not preceded by Town Board authorization or brought by either the Building Inspector or Zoning Enforcement Officer. As it is undisputed that the suit was not commenced by either of the Town officials to whom the authority to bring an enforcement action has arguably been delegated under relevant statutes or local ordinances,[2] defendants' contention presents a fundamental question as to the authenticity of this action. The alleged lack of capacity having been raised in defendants' answer and motion papers, albeit not precisely in the manner asserted on appeal, and the argument having been addressed by Supreme Court, we find that this threshold issue is properly before us.

After defendants asserted in their motion papers that the litigation had not been brought by the proper Town entity or official, the onus was on plaintiff to come forward with evidence establishing that the action was authorized, something it failed to do. Although this Court could have taken judicial notice of the existence of a Town Board resolution (*see*, *Matter of Westgate Dev. Group v White*, 149 AD2d 790, 792, n, *lv denied* 74 NY2d 609), plaintiff has not submitted documentary evidence pertaining to such a resolution or other official Town Board action. Under the circumstances, there being no basis for this Court to determine that this action brought in the name of the Town was duly authorized, we conclude that dismissal of this

2. Because this action was not commenced by either of these Town officials, we neither address the propriety of the delegation of authority to commence such litigation nor the ability of these officials to bring litigation in the name of the Town.

action is warranted and, concomitantly, that the preliminary injunction must be vacated (see, *Town of Thompson v Alleva*, supra).

Having determined that the complaint must be dismissed based on lack of capacity, we decline to address the action on the merits (see, *Matter of United Envtl. Techniques v State of New York Dept. of Health*, 88 NY2d 824, 825). Should defendants resume the conduct challenged herein, we note that the appropriate Town officials are not without administrative remedies under the local zoning ordinance and that litigation predicated on Town Law § 268 may be initiated, provided such action is duly authorized.

Cardona, P. J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order is modified, on the law, with costs to defendants, by reversing so much thereof as denied defendants' motion; said motion granted, summary judgment awarded to defendants, preliminary injunction vacated and complaint dismissed; and, as so modified, affirmed.