# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1274**
**CA 10-02514**
PRESENT: SCUDDER, P.J., SMITH, GREEN, GORSKI, AND MARTOCHE, JJ.

---

AJAY GLASS & MIRROR CO., INC.,
PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

AASHA G.C., INC., BARRY HALBRITTER,
DEFENDANTS-APPELLANTS,
AND HUNT CONSTRUCTION GROUP, INC.,
DEFENDANT-RESPONDENT.

---

MENTER, RUDIN & TRIVELPIECE, P.C., SYRACUSE (ROBERT G. BENNETT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

GATES & ADAMS, P.C., ROCHESTER (RICHARD T. BELL, JR., OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

PILLSBURY WINTHROP SHAW PITTMAN LLP, WASHINGTON, D.C. (MICHAEL S. MCNAMARA, OF THE WASHINGTON, D.C. BAR, ADMITTED PRO HAC VICE, OF COUNSEL), AND HANCOCK ESTABROOK, LLP, SYRACUSE, FOR DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Monroe County (Kenneth R. Fisher, J.), dated November 17, 2010.  The order, among other things, granted the motion of plaintiff and defendant Hunt Construction Group, Inc. to vacate an order entered January 8, 2010 and a partial judgment entered January 21, 2010.

It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying that part of the motion of plaintiff and defendant Hunt Construction Group, Inc. seeking to vacate the "statement for partial judgment" insofar as it awarded defendant AASHA G.C., Inc. damages in the amount of $51,508.69, plus applicable interest, costs and disbursements, for the set aside amount to which that defendant is entitled, and as modified the order is affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking to recover funds allegedly owed to it for work performed on the Turning Stone Casino & Resort (hereafter, project), owned by the Oneida Indian Nation (OIN).  In order to comply with the OIN's requirement that a certain amount of work on the project be subcontracted to firms owned by its members, defendant Hunt Construction Group, Inc. (Hunt) subcontracted work to defendant AASHA G.C., Inc. (AASHA), which in turn sub-subcontracted that same work to plaintiff.  AASHA asserted

two cross claims against Hunt.  The first cross claim sought to recover the set aside amounts to which AASHA was entitled based upon plaintiff's payment requisition Nos. 16 and 17, and the second cross claim sought to recover the amount that AASHA was obligated to pay plaintiff for those same requisitions.  In a prior order, Supreme Court denied Hunt's motion for summary judgment dismissing the complaint and cross claims against it and, upon the request of plaintiff, the court searched the record and awarded "AASHA/[plaintiff]" partial summary judgment.  A "statement for partial judgment" (hereafter, partial judgment) subsequently entered in favor of AASHA included damages in the amount of $643,858.65 owed to plaintiff under the sub-subcontract for work associated with requisition Nos. 16 and 17, as well as $51,508.69, representing the 8% set aside to which AASHA was entitled on those damages.

Following entry of the partial judgment, Hunt and plaintiff entered into a stipulated settlement agreement resolving plaintiff's claims against Hunt for nonpayment.  AASHA and its president, defendant Barry Halbritter (collectively, AASHA defendants), appeal from an order granting the joint motion of plaintiff and Hunt seeking, inter alia, to vacate the prior order and partial judgment in favor of AASHA based upon that stipulated settlement, as well as to dismiss AASHA's second cross claim against Hunt.  We agree with the AASHA defendants that the court abused its discretion in vacating the partial judgment in its entirety (see generally CPLR 5015 [a]; Matter of County of Ontario [Middlebrook], 59 AD3d 1065).  Although AASHA previously assigned to plaintiff its rights under the subcontract with Hunt with respect to amounts allegedly owed to plaintiff, that agreement between AASHA and plaintiff explicitly states that "[n]othing in [the] agreement shall prevent AASHA from recovering from Hunt any and all payments owed to AASHA by Hunt under the [OIN] set aside program for work performed pursuant to [plaintiff's s]ub-subcontract . . . ."  AASHA thereby expressly retained its claims against Hunt for the set aside amounts associated with plaintiff's work.  Thus, we conclude that the court abused its discretion by vacating the partial judgment in its entirety inasmuch as there is no basis upon which to disturb the award of $51,508.69, plus applicable interest, costs and disbursements, in favor of AASHA.  We therefore modify the order by denying that part of the motion of plaintiff and Hunt seeking to vacate the partial judgment insofar as it awarded those damages in favor of AASHA.

We further agree with the AASHA defendants that, insofar as the statement in the order that the only "remaining claim to be tried [is] the first [c]ross[ c]laim" may be interpreted as a dismissal of the AASHA defendants' counterclaim, the court erred in doing so.  The counterclaim was not a "subject" of Hunt's motion for summary judgment or plaintiff's request that the court search the record with respect to the payment requisitions (Dunham v Hilco Constr. Co., 89 NY2d 425, 430).

Finally, we reject the AASHA defendants' contention that the court abused its discretion in granting Hunt's motion to consolidate this action with an action commenced by the OIN in Onondaga County

related to the project (*see generally Dias v Berman*, 188 AD2d 331; *Zimmerman v Mansell*, 184 AD2d 1084).

Entered:  December 30, 2011                    Frances E. Cafarell
                                               Clerk of the Court