# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**881**

**CA 12-02346**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

MICRO-LINK, LLC, PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

TOWN OF AMHERST, DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

PHILLIPS NIZER LLP, NEW YORK CITY (DAVID A. PELLEGRINO OF COUNSEL), FOR PLAINTIFF-APPELLANT.

E. THOMAS JONES, TOWN ATTORNEY, WILLIAMSVILLE (ALAN P. MCCRACKEN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered February 8, 2012. The order, among other things, denied the amended motion of plaintiff for summary judgment and granted defendant summary judgment on its counterclaim.

It is hereby ORDERED that said appeal from the order insofar as it concerns the counterclaim is unanimously dismissed and the order is otherwise affirmed without costs.

Memorandum: Plaintiff commenced this action seeking payment based on a performance contract pursuant to which plaintiff managed a wastewater treatment plant on defendant's behalf. Supreme Court (Curran, J.) previously granted in part defendant's motion to dismiss the amended complaint by dismissing in part the first cause of action, for breach of contract, and the second cause of action, for an account stated, and on a prior appeal, this Court modified that order by denying the motion in its entirety and reinstating those causes of action in their entirety (*Micro-Link, LLC v Town of Amherst*, 73 AD3d 1426). Plaintiff thereafter moved for, inter alia, summary judgment on the first two causes of action and defendant cross-moved for summary judgment dismissing the amended complaint, among other relief. In appeal No. 1, plaintiff appeals from an order of Supreme Court (Michalek, J.) denying its amended motion for summary judgment, denying defendant's "[cross] motion for summary judgment on plaintiff's claims . . . as moot," and purportedly granting defendant's "[cross] motion for summary judgment on its counterclaim." In appeal No. 2, plaintiff appeals from a judgment of the same court entered on defendant's counterclaim in the amount of $251,442.67. Because that part of the order in appeal No. 1 purportedly granting defendant's "[cross] motion for summary judgment on its counterclaim" is subsumed in the judgment in appeal No. 2, we dismiss plaintiff's

appeal from that part of the order in appeal No. 1 concerning the counterclaim (*see Hughes v Nussbaumer, Clarke & Velzy*, 140 AD2d 988; *Chase Manhattan Bank, N.A. v Roberts & Roberts*, 63 AD2d 566, 567; *see also* CPLR 5501 [a] [1]).

With respect to appeal No. 1, the court properly denied that part of plaintiff's amended motion seeking summary judgment on the cause of action for an account stated.  " 'An account stated represents an agreement between the parties reflecting an amount due on a prior transaction . . . An essential element of an account stated is an agreement with respect to the amount of the balance due' " (*Seneca Pipe & Paving Co., Inc. v South Seneca Cent. Sch. Dist.*, 83 AD3d 1540, 1541).  Here, plaintiff failed to meet its initial burden on the motion of establishing the existence of an account stated inasmuch as plaintiff's own submissions contain evidence of defendant's repeated objections to plaintiff's invoices and disputes between the parties with respect to the provisions of the contract relating to plaintiff's compensation (*see Abbott, Duncan & Wiener v Ragusa*, 214 AD2d 412, 413; *Construction & Mar. Equip. Co. v Crimmins Contr. Co.*, 195 AD2d 535, 535).  Furthermore, the court properly concluded in appeal No. 1 that plaintiff's own submissions raise triable issues of fact whether it is entitled to further compensation pursuant to those contractual provisions, and thus the court also properly denied that part of plaintiff's amended motion seeking summary judgment on the cause of action for breach of contract (*see Andrews, Pusateri, Brandt, Shoemaker & Roberson, P.C. v County of Niagara*, 91 AD3d 1287, 1287-1288).

The court erred, however, in denying that part of plaintiff's amended motion seeking summary judgment dismissing the counterclaim based upon defendant's lack of legal capacity to sue (*see* CPLR 3211 [a] [3]), and we therefore vacate the money judgment in appeal No. 2 entered on defendant's counterclaim and modify the order entered February 8, 2012 accordingly.  The counterclaim is "in effect a separate and distinct action brought by defendant[] against plaintiff" (*New York Trap Rock Corp. v Town of Clarkstown*, 299 NY 77, 80), and defendant does not have capacity to assert that counterclaim except upon a resolution of its Town Board (*see* Town Law § 65 [1]; *Town of Claverack v Brew*, 277 AD2d 807, 809; *Town of Thompson v Alleva*, 76 AD2d 1022, 1022, *appeal dismissed* 53 NY2d 839).  Defendant's Town Board declined to adopt a proposed resolution that would have authorized defendant to initiate an action against plaintiff, as well as a second proposed resolution that would have authorized a counterclaim.  Thus, defendant's Town Board had expressly withheld authorization for the counterclaim at the time defendant interposed the counterclaim (*cf. Town of Caroga v Herms*, 62 AD3d 1121, 1123, *lv denied* 13 NY3d 708, *rearg denied* 13 NY3d 931).  Although defendant's Town Board adopted a resolution purporting to authorize the counterclaim retroactively, more than two years after defendant interposed its counterclaim, we conclude that the counterclaim cannot "be legitimized through an after-the-fact[,] or *nunc pro tunc*, legislative enactment" (*Town of Hempstead v Board of Appeals of Town of Hempstead*, 15 Misc 3d 1116[A], 2007 NY Slip Op 50706[U], *3 [Sup

Ct, Nassau County 2007], citing *Bright Homes, Inc. v Weaver*, 7 AD2d 352, 358, *affd* 6 NY2d 973; *Mohrmann v Kob*, 291 NY 181, 186).

Finally, we note that, in any event, the court erred in granting summary judgment to defendant on the counterclaim inasmuch as defendant did not request that relief in its cross motion and, apart from the issue of capacity, "[t]he counterclaim was not a 'subject' of [plaintiff's amended] motion for summary judgment" (*Ajay Glass & Mirror Co., Inc. v AASHA G.C., Inc.*, 90 AD3d 1615, 1616-1617; *see Dunham v Hilco Constr. Co.*, 89 NY2d 425, 430; *Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 82).

Entered:  September 27, 2013                    Frances E. Cafarell
                                                Clerk of the Court