■ RICHARD GUNTHEL et al., Appellants, v DEUTSCHE BANK AG et al., Respondents. [821 NYS2d 160]—

Judgment, Supreme Court, New York County (Karla Moskowitz, J.), entered January 27, 2006, dismissing the complaint, and

bringing up for review an order, same court and Justice, entered August 16, 2005, which granted defendants' motion to dismiss pursuant to CPLR 3211 (a) (1) and (7), unanimously reversed, on the law, without costs, the judgment vacated and the third and seventh causes of action reinstated. Appeal from the aforesaid order unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

The motion court properly dismissed the first and fifth causes of action. The terms of the carried interest plans are clear and unambiguous on their face (*see ABS Partnership v AirTran Airways*, 1 AD3d 24, 29 [2003]). Contrary to plaintiffs' claim, there is nothing in paragraph 7.3 (h) of section III of the carried interest plans which requires defendants to offer plaintiffs the opportunity to participate in the conversion plan. Rather, the conversion plan was a separate opportunity offered to those employees who agreed to relinquish their rights to receive benefits under the carried interest plans.

Dismissal of the fourth and eighth causes of action was also proper. A reasonable person in plaintiffs' position would not have been justified in expecting to be included in the conversion plan (*see Rowe v Great Atl. & Pac. Tea Co.*, 46 NY2d 62, 69 [1978]). Furthermore, defendants' failure to include plaintiffs in the conversion plan, standing alone, did not destroy or injure plaintiffs' right to receive the fruits of the carried interest plans (*cf. 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 153 [2002]); it is only because the carried interest plans' assets were allegedly sold at less than fair market value that plaintiffs want to be included in the conversion plan.

The third and seventh causes of action should not have been dismissed (*see e.g. Zuckerwise v Sorceron Inc.*, 289 AD2d 114 [2001]). Even though the carried interest plans do not explicitly require the plans' assets to be sold at fair market value, defendants' sale of the assets—allegedly at less than half of fair market value—injured plaintiffs' right "to receive the fruits of the contract" (*511 W. 232nd Owners Corp.*, 98 NY2d at 153), namely, the full amount of the bonuses that they were allegedly due. A reasonable person in plaintiffs' position would have expected the plans' assets to be sold at fair market value (*see id.*). While plaintiffs assumed the risk that the real estate market would go down, such that an investment would be sold at a loss, they did not assume the risk that defendants would, for their own self-interested reasons, sell an asset for less than half of fair market value (*see Wilson v Mechanical Orguinette Co.*, 170 NY 542, 549 [1902]). Finally, the plans indirectly refer to fair market value in the calculation of bonus awards, via the

reference in paragraph 5.1 (i) (c) of section III to writedowns and writeups.

The motion court properly dismissed the ninth cause of action because bonus awards under the carried interest plans do not constitute "wages" under Labor Law § 190 (1) (*see Truelove v Northeast Capital & Advisory*, 95 NY2d 220 [2000]; *Matter of Apkon [Odyssey Partners]*, 236 AD2d 225 [1997], *lv denied* 89 NY2d 815 [1997]).

Having failed to make any arguments about the dismissal of the tenth cause of action, plaintiffs have abandoned their appeal therefrom.

We are not persuaded that the motion court made factual findings contradicting the allegations of the complaint. In any event, the three points raised by plaintiffs are unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Marlow and Malone, JJ.