Same memorandum as in *Palaszynski v Mattice* (78 AD3d 1528 [2010] [decided herewith]). Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.

■ PAMELA PALASZYNSKI, Appellant, v BEVERLY J. MATTICE, Respondent, et al., Defendant. (Appeal No. 2.) [910 NYS2d 617]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered February 24, 2010 in a personal injury action. The order granted the motion of defendant Beverly J. Mattice for leave to serve an amended answer and denied the cross motion of plaintiff to disqualify counsel for Beverly J. Mattice.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she was a passenger in a vehicle that struck a tree. The vehicle was owned by defendant Beverly J. Mattice and operated by defendant Merissa A. McGill. In appeal No. 1, plaintiff appeals from an order that, inter alia, granted the motion of Mattice for leave to amend her answer and, in appeal No. 2, she appeals from a subsequent order that, inter alia, granted that same relief. We thus dismiss appeal No. 1 inasmuch as the order in appeal No. 2 necessarily superseded the order in appeal No. 1.

We conclude in appeal No. 2 that Supreme Court properly granted the motion of Mattice for leave to amend the answer. "Generally, [l]eave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party where the amendment is not patently lacking in merit . . . , and the decision whether to grant leave to amend a complaint is committed to the sound discretion of the court" (*Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198 [2007], *rearg granted and mem and oreder amended* 41 AD3d 1324 [2007] [internal quotation marks omitted]; *see* CPLR 3025 [b]; *Carro v Lyons Falls Pulp & Paper, Inc.*, 56 AD3d 1276, 1277 [2008]). Here, there is no prejudice to plaintiff arising from the amended answer, and the proposed amendment is not patently insufficient on its face. We thus perceive no basis for disturbing the

court's determination (*see generally Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). We have considered plaintiff's remaining contentions and conclude that they are without merit. Present—Martoche, J.P., Lindley, Sconiers, Pine and Gorski, JJ.