■ MELODY BARROWS et al., Appellants, v JAMES ALEXANDER et al., Individually and Doing Business as ALEXANDER & CATALANO, LLP, et al., Respondents. [912 NYS2d 831]—

Appeal from an order of the Supreme Court, Onondaga County (John C. Cherundolo, A.J.), entered June 8, 2009 in a legal malpractice action. The order denied plaintiffs' motion for leave to amend their complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this legal malpractice action, plaintiffs appeal from an order denying their motion for leave to amend the complaint to assert a cause of action under Judiciary Law § 487 (1), pursuant to which they would be entitled to recover treble damages from an attorney who "[i]s guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party." In support of their motion, plaintiffs alleged that Peter Catalano (defendant), who represented plaintiffs in the underlying personal injury action, engaged in deceitful conduct during the course of this malpractice action, both with respect to plaintiffs and Supreme Court. We conclude that the court properly denied the motion inasmuch as the proposed amendment is patently lacking in merit (*see generally Anderson v Nottingham Vil. Homeowner's Assn., Inc.*, 37 AD3d 1195, 1198 [2007], *amended on rearg* 41 AD3d 1324 [2007]). Judiciary Law § 487 applies only "to an attorney acting in his or her capacity as an attorney, not to a party who is represented by counsel and who, incidentally, is an attorney" (*Oakes v Muka*, 56 AD3d 1057, 1058 [2008]), and here defendant was not acting in his capacity as an attorney in the context of this legal malpractice action (*see Gelmin v Quicke*, 224 AD2d 481, 482-483 [1996]). Plaintiffs' reliance on *Kurman v Schnapp* (73 AD3d 435 [2010]) is misplaced because the record in that case establishes that the defendant was acting in his capacity as an attorney when he engaged in the alleged deceitful conduct.

Finally, the contention of plaintiffs that the court erred in denying their motion for summary judgment is not properly before us because plaintiffs failed to take an appeal from the or-

der denying that motion. Present—Martoche, J.P., Centra, Carni, Lindley and Pine, JJ.