# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**520**
**CA 10-01952**
PRESENT: SMITH, J.P., PERADOTTO, CARNI, SCONIERS, AND GREEN, JJ.

---

SENECA PIPE & PAVING CO., INC.,
PLAINTIFF-APPELLANT,

V                                              MEMORANDUM AND ORDER

SOUTH SENECA CENTRAL SCHOOL DISTRICT,
ET AL., DEFENDANTS,
AND FREDERICO CONSTRUCTION COMPANY,
DEFENDANT-RESPONDENT.
(APPEAL NO. 1.)

---

CAMARDO LAW FIRM, P.C., AUBURN (KEVIN M. COX OF COUNSEL), FOR
PLAINTIFF-APPELLANT.

-------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Seneca County (David Michael Barry, J.), entered July 9, 2009 in a breach of contract action. The order denied damages to plaintiff.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages arising from the alleged breach by defendant Frederico Construction Company (Frederico) of its agreement with plaintiff, pursuant to which plaintiff was to remove concrete supports and debris from a hole in which certain buried storage tanks had been removed from a construction site, fill in the hole, and grade the area surrounding it. Plaintiff was also the principal site work contractor on the same project and, pursuant to its contract with defendant South Seneca Central School District (School District), performed similar fill and grading work on the area encompassing the buried tanks. Supreme Court previously granted plaintiff's cross motion for partial summary judgment on the issue of liability against Frederico and ordered a trial on damages, noting that "the determination of damages at trial shall take [into] account [the] excavation and backfill [work that] plaintiff was required to perform under [its] site work contract" with the School District. In appeal No. 1, plaintiff appeals from an order determining, following a bench trial, that it failed to prove its damages and, in appeal No. 2, plaintiff appeals from an order denying its post-trial motion seeking leave to amend the second amended complaint to add a cause of action for an account stated.

Plaintiff contends in appeal No. 1 that the court erred in determining that it failed to prove the damages that it sustained from

Frederico's breach of its agreement with plaintiff. We reject that contention. " 'On a bench trial, the decision of the fact-finding court should not be disturbed upon appeal unless it is obvious that the court's conclusions could not be reached under any fair interpretation of the evidence' " (*Treat v Wegmans Food Mkts., Inc.*, 46 AD3d 1403, 1404; *see Thoreson v Penthouse Intl.*, 80 NY2d 490, 495, *rearg denied* 81 NY2d 835). At the trial on damages, plaintiff's principal testified that plaintiff hired a subcontractor to remove the concrete supports for the storage tanks, but plaintiff failed to submit any evidence establishing the amount that plaintiff paid to the subcontractor to perform that work. Similarly, as the court specifically noted in its order directing the instant trial on damages, plaintiff was paid to fill and grade the same area pursuant to its own contract with the School District. At trial, however, plaintiff established the amount of material that it trucked into the area but failed to differentiate between the material that was necessitated by the contract with the School District and the material that was required solely to complete the agreement with Frederico. Consequently, the court's determination that plaintiff failed to prove its damages from Frederico's breach of its agreement with plaintiff is supported by a fair interpretation of the evidence.

Contrary to plaintiff's further contention, the court properly denied its post-trial motion seeking leave to amend the second amended complaint to add a cause of action for an account stated inasmuch as the proposed cause of action is plainly without merit (*see generally Barrows v Alexander*, 78 AD3d 1693). "An account stated represents an agreement between the parties reflecting an amount due on a prior transaction . . . An essential element of an account stated is an agreement with respect to the amount of the balance due" (*Cameron Eng'g & Assoc., LLP v JMS Architect & Planner, P.C.*, 75 AD3d 488, 489). Thus, "[w]here either no account has been presented or there is any dispute regarding the correctness of the account, the cause of action fails" (*M & A Constr. Corp. v McTague*, 21 AD3d 610, 611-612). Here, plaintiff concedes that Frederico asked for a break-down of one of the invoices that plaintiff sent to Frederico for payment on their agreement. Plaintiff also submitted evidence establishing that Frederico paid parts of one invoice related to other dealings with plaintiff but declined to pay the part of that invoice that is relevant here. Because the evidence presented at trial establishes that there was a dispute regarding the amount due, the court "properly determined that the plaintiff failed to establish the requisite elements for recovery on a theory of [an] account stated" (*Ludemann Elec., Inc. v Dickran*, 74 AD3d 1155, 1156; *see generally Hull v City of N. Tonawanda*, 6 AD3d 1142, 1142-1143; *Erdman Anthony & Assoc. v Barkstrom*, 298 AD2d 981).

Entered: April 29, 2011                          Patricia L. Morgan
                                                 Clerk of the Court