# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**989**
**CA 12-00545**
PRESENT: FAHEY, J.P., PERADOTTO, CARNI, AND SCONIERS, JJ.

---

JUDITH T. ARMSTRONG, PLAINTIFF-APPELLANT,

V

MEMORANDUM AND ORDER

JOAN MERRICK, DEFENDANT-RESPONDENT.

---

CARL J. COCHI, UTICA, FOR PLAINTIFF-APPELLANT.

GOZIGIAN, WASHBURN & CLINTON, COOPERSTOWN (EDWARD W.G. GOZIGIAN OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Herkimer County (Norman I. Siegel, A.J.), dated November 21, 2011 in a personal injury action. The order, insofar as appealed from, granted the motion of defendant for leave to amend the answer.

It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs and the motion is denied.

Memorandum: Supreme Court erred in granting defendant's motion for leave to amend the answer to assert the defense of primary assumption of risk. Although leave to amend should be freely granted, it is properly denied where the proposed amendment is patently lacking in merit (*see Carro v Lyons Falls Pulp & Paper, Inc*., 56 AD3d 1276, 1277; *Manufacturers & Traders Trust Co. v Reliance Ins. Co.*, 8 AD3d 1000, 1001; *Christiano v Chiarenza*, 1 AD3d 1039, 1040). Here, the complaint and plaintiff's factual submissions in opposition to the motion allege that plaintiff was injured when she was knocked over by defendant's dog while plaintiff was walking her own dog in a public space. "This is, in short, not a case in which the defendant solely by reason of having sponsored or otherwise supported some risk-laden but socially valuable voluntary activity has been called to account in damages," and thus the doctrine of primary assumption of risk is inapplicable to the facts and circumstances of this case (*Trupia v Lake George Cent. School Dist.*, 14 NY3d 392, 396). Defendant's proposed amendment therefore was patently without merit.

Entered: October 5, 2012

Frances E. Cafarell
Clerk of the Court