Gilman v. Marsh & McLennan Cos.

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of June, two thousand sixteen.

PRESENT: AMALYA L. KEARSE,
          RALPH K. WINTER,
          DENNIS JACOBS,
                    <u>Circuit Judges.</u>

- - - - - - - - - - - - - - - - - - - - -X

WILLIAM W. GILMAN, EDWARD J. McNENNEY, JR.,
          <u>Plaintiffs-Appellants,</u>

          -v.-                                        15-0603

MARSH & McLENNAN COMPANIES, INC., MARSH INC., MARSH USA INC., MARSH GLOBAL BROKING INC., MICHAEL CHERKASKY,
          <u>Defendants-Appellees.</u>

- - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANTS:                    DAVID I. GREENBERGER (Jeffrey L. Liddle, Blaine H. Bortnick, James

                                    W. Halter, on the brief), Liddle &
                                    Robinson, LLP, New York, NY.


**FOR MARSH APPELLEES:**        JONATHAN D. POLKES (Gregory
                                    Silbert, Nicholas J. Pappas, on
                                    the brief), Weil, Gotshal & Manges
                                    LLP, New York, NY.


**FOR CHERKASKY APPELLEE:**     JAMES O. HEYWORTH (Andrew W.
                                    Stern, on the brief), Sidley
                                    Austin LLP, New York, NY.


Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

William Gilman and Edward McNenney, Jr. appeal from the order of the United States District Court for the Southern District of New York (Oetken, J.) dismissing their claims for (i) abuse of process against their former employer, Marsh (i.e., Marsh & McLennan Cos., Marsh Inc., Marsh USA Inc., and Marsh Global Broking Inc.), and the CEO of their former employer, Michael Cherkasky, and (ii) misconduct against Cherkasky as an attorney. As explained in an opinion filed simultaneously with this summary order, we affirm the district court's dismissal of Gilman and McNenney's claims for employment benefits against their former employer. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the grant of a motion to dismiss de novo, accept as true all factual allegations, and draw all reasonable inferences in favor of the plaintiffs. Fink v. Time Warner Cable, 714 F.3d 739, 740-41 (2d Cir. 2013).

**1.** Gilman and McNenney cannot make out a claim for abuse of process against Marsh and Cherkasky. As we recognized in Cook v. Sheldon, "[t]he gist of abuse of process is the improper use of process *after* it is regularly issued." 41 F.3d 73, 80 (2d Cir. 1994) (emphasis added) (internal marks omitted). To

2

the extent Gilman and McNenney allege any "abuse," it unquestionably came *before* the process in question (their respective indictments), not after.  Accordingly, we affirm the district court's dismissal of their abuse of process claim.

**2.**  Gilman and McNenney's claim of misconduct by an attorney under New York Judiciary Law Section 487 also fails.  Such a claim must allege that the attorney committed the misconduct while acting in the capacity as an *attorney*.  <u>See</u>, <u>e.g.</u>, <u>Barrows v. Alexander</u>, 912 N.Y.S.2d 831, 832 (App. Div. 2010).  To the extent Gilman and McNenney allege any misconduct by Cherkasky, it was without a doubt in his role as the *CEO* of Marsh, not as an attorney.  Therefore, we affirm the district court's dismissal of their misconduct by an attorney claim.

Accordingly, and finding no merit in Gilman's or McNenney's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3