Appeal from an order of the Supreme Court, Erie County (Timothy J. Walker, A.J.), entered September 19, 2016. The order granted defendant’s motion for summary judgment dismissing the amended complaint, denied plaintiff’s motion to compel disclosure and denied defendant’s cross motion for a protective order.
 

 It is hereby ordered that the order so appealed from is unanimously modified on the law by denying defendant’s motion in part and reinstating the breach of contract cause of action and as modified the order is affirmed without costs.
 

 Memorandum: As we have noted in prior appeals, plaintiff commenced this action seeking payment based on a performance contract pursuant to which plaintiff managed a wastewa-ter treatment plant on defendant’s behalf. Supreme Court (Cur-ran, J.) previously granted in part defendant’s motion to dismiss the amended complaint by dismissing in part the causes of action for a breach of contract and an account stated and, on a prior appeal, this Court modified that order by denying the motion in its entirety and reinstating those causes of action in their entirety (Micro-Link, LLC v Town of Amherst, 73 AD3d 1426 [4th Dept 2010]). Additional motion practice ensued.
 

 In two subsequent, consolidated appeals, we addressed an order in which Supreme Court (Michalek, J.), inter alia, denied that part of plaintiff’s amended motion for summary judgment on the causes of action for a breach of contract and an account stated, denied defendant’s motion for summary judgment dismissing the amended complaint “as moot,” denied that part of plaintiff’s amended motion for summary judgment dismissing the counterclaim on the ground of defendant’s lack of legal capacity to sue, and awarded defendant summary judgment on the merits of its counterclaim based upon its evidentiary determination that defendant had overpaid plaintiff on the contract (Micro-Link, LLC v Town of Amherst, 109 AD3d 1130 [4th Dept 2013] [Micro-Link II]; Micro-Link, LLC v Town of Amherst, 109 AD3d 1132 [4th Dept 2013] [Micro-Link III]). Initially, we dismissed the appeal from that part of the order in appeal No. 1 that “concern [ed] the counterclaim” because it was subsumed in the judgment entered on the counterclaim in appeal No. 2, i.e., Micro-Link III (Micro-Link II, 109 AD3d at 1131). We concluded that the court properly denied that part of plaintiff’s amended motion for summary judgment on two of its causes of action, but that the court should have granted that part of plaintiff’s amended motion for summary judgment dismissing the counterclaim because defendant lacked the legal capacity to assert that counterclaim (Micro-Link II, 109 AD3d at 1131-1132). In our ordering paragraph in appeal No. 1, we wrote that the “appeal from the order insofar as it concerns the counterclaim is unanimously dismissed and the order is otherwise affirmed without costs” (id. at 1131). We thus vacated the money judgment in appeal No. 2, directing that “the judgment so appealed from is unanimously vacated without costs, and the order entered February 8, 2012 is modified on the law by granting plaintiff’s amended motion in part and dismissing the counterclaim” (Micro-Link III, 109 AD3d at 1132).
 

 Following our decisions in Micro-Link II and Micro-Link III, defendant moved for summary judgment dismissing the amended complaint and, in the alternative, limiting the amount of interest. Defendant contended, inter alia, that the court’s prior evidentiary determination on the counterclaim, i.e., that defendant had overpaid plaintiff, was the law of the case because this Court’s 2013 decision did not explicitly overrule that factual finding when it “otherwise affirmed” the order. Plaintiff thereafter moved to compel disclosure of, inter alia, the results of a forensic accountant’s audit and to stay determination of defendant’s summary judgment motion pending that discovery. Defendant then cross-moved for a protective order, contending that the disclosure sought by plaintiff was precluded by a 2009 decision (Curran, J.) granting defendant’s motion for a protective order. Although no order implementing the 2009 decision had ever been entered, defendant contended that the motion underlying that decision had not been abandoned and that the 2009 decision constituted the law of the case. Supreme Court (Walker, A.J.), granted defendant’s motion for summary judgment dismissing the amended complaint, denied plaintiff’s motion to compel disclosure and denied defendant’s cross motion for a protective order.
 

 We agree with plaintiff that the court erred in awarding defendant summary judgment dismissing the breach of contract cause of action, and we therefore modify the order accordingly. Contrary to defendant’s contention, the court’s prior eviden-tiary determination concerning the counterclaim is not the law of the case and has no preclusive effect. “An appellate court’s resolution of an issue on a prior appeal constitutes the law of the case and is binding on . . . Supreme Court, as well as on the appellate court . . . ‘[T]he “law of the case” operates to foreclose re-examination of [the] question absent a showing of subsequent evidence or change of law’ ” (J-Mar Serv. Ctr., Inc. v Mahoney, Connor & Hussey, 45 AD3d 809, 809 [2d Dept 2007]). Nevertheless, “where a court has vacated an earlier order, the doctrine of. . . law of the case no longer applies . . . Indeed, ‘a vacated judgment has no preclusive force either as a matter of collateral or direct estoppel or as a matter of the law of the case’ ” (Schwartz v Chan, 142 F Supp 2d 325, 330 [ED NY 2001], citing, inter alia, Johnson v Board of Ed. of Chicago, 457 US 52, 53-54 [1982]; see Universal City Studios, Inc. v Nintendo Co., Ltd., 578 F Supp 911, 919 [SD NY 1983], affd 746 F2d 112 [2d Cir 1984]; see also City of New York v State of New York, 284 AD2d 255, 255-256 [1st Dept 2001]). While this Court may have “otherwise affirmed” the order insofar as it concerned the issues unrelated to the counterclaim, we dismissed the appeal from that part of the order concerning the counterclaim and vacated the judgment. That necessarily means that any determinations related to the counterclaim were not encompassed by the “otherwise affirmed” language related to the order (cf. Dune Deck Owners Corp. v JJ & P Assoc. Corp., 71 AD3d 1075, 1076 [2d Dept 2010]; J-Mar Serv. Ctr., Inc., 45 AD3d at 809-810).
 

 Even assuming, arguendo, that defendant met its initial burden of establishing its entitlement to judgment as a matter of law with respect to the breach of contract cause of action, we conclude that plaintiff raised triable issues of fact whether defendant breached the contract when it refused to pay plaintiff on the invoices submitted. We thus do not address plaintiff’s remaining contentions concerning that cause of action.
 

 We agree with defendant, however, that the court properly awarded defendant summary judgment dismissing the account stated and unjust enrichment causes of action. “ ‘An account stated represents an agreement between the parties reflecting an amount due on a prior transaction . . . An essential element of an account stated is an agreement with respect to the amount of the balance due’ . . . Thus, ‘[w]here either no account has been presented or there is any dispute regarding the correctness of the account, the cause of action fails’ ” (Seneca Pipe & Paving Co., Inc. v South Seneca Cent. School Dist., 83 AD3d 1540, 1541-1542 [4th Dept 2011]; see Micro-Link II, 109 AD3d at 1131). Defendant established as a matter of law that it disputed the correctness of the account, and plaintiff failed to raise a triable issue of fact. Under the circumstances of this case, the fact that defendant did not voice its dispute with every subsequent invoice does not require denial of the motion. “ ‘Whether a bill has been held without objection for a period of time sufficient to give rise to an inference of assent, in light of all the circumstances presented, is ordinarily a question of fact, and becomes a question of law only in those cases where only one inference is rationally possible’ ” (Schwerzmann & Wise, P.C. v Town of Hounsfield [appeal No. 2], 126 AD3d 1483, 1484 [4th Dept 2015]). In our view, there is only one inference rationally possible from the parties’ longstanding course of conduct as well as defendant’s resolution directing its employees not to process the invoices or make any payments thereon. Plaintiff submitted nothing that would raise any triable issue of fact on the issue “whether defendant’s silence upon receiving the bills may be construed as acceptance of the amount due” (id. at 1485).
 

 With respect to the unjust enrichment cause of action, defendant met its initial burden of proving the existence of a valid contract, and plaintiff failed to raise a triable issue of fact. “ ‘The existence of a valid and enforceable written contract governing a particular subject matter precludes recovery in quasi-contract or unjust enrichment for occurrences or transactions arising out of the same matter’ ” (Auble v Doyle, 38 AD3d 1264, 1266 [4th Dept 2007]; see Goldman v Metropolitan Life Ins. Co., 5 NY3d 561, 572 [2005]; see generally Clark-Fitzpatrick, Inc. v Long Is. R.R. Co., 70 NY2d 382, 388-389 [1987]).
 

 Plaintiff further contends that the court erred in refusing to stay determination of the motion pending additional discovery (see CPLR 3212 [f]). The discovery sought by plaintiff was relevant only to the breach of contract cause of action and, inasmuch as we are determining that the court erred in awarding defendant summary judgment on that cause of action, we do not address the merits of plaintiff’s contention concerning the stay.
 

 With respect to the court’s denial of plaintiff’s motion to compel disclosure, plaintiff contends that the court erred in relying on a 2009 decision, which granted defendant’s motion for a protective order based upon the court’s determination that a forensic accountant and his firm were retained solely and exclusively for litigation pursuant to CPLR 3101 (d) (2). Inasmuch as defendant never submitted an order related to the 2009 decision, plaintiff contends that defendant’s underlying motion for a protective order must “be deemed . . . abandoned]” (22 NYCRR 202.48 [b]). As a result, plaintiff contends that the 2009 decision cannot serve as the law of the case and that the court erred in denying its motion to compel.
 

 Even if the motion for a protective order was not abandoned and the 2009 decision constituted the law of the case (see Forbush v Forbush, 115 AD2d 335, 336 [4th Dept 1985], appeal dismissed 67 NY2d 756 [1986]), it is nevertheless well settled that “ ‘this Court is not bound by the doctrine of law of the case, and may make its own determinations’ ” whether the information is privileged under CPLR 3101 (d) (2) because the doctrine does not prohibit our review of an unappealed subordinate court’s decision (Smalley v Harley-Davidson Motor Co. Group LLC, 134 AD3d 1490, 1492 [4th Dept 2015]; see Town of Angelica v Smith, 89 AD3d 1547, 1549-1550 [4th Dept 2011]; see generally Martin v City of Cohoes, 37 NY2d 162, 165 [1975], rearg denied 37 NY2d 817 [1975]).
 

 With respect to the merits of the contention, plaintiff contends that the materials related to the forensic accountant and his firm are discoverable because they were not “prepared in anticipation of litigation” (CPLR 3101 [d] [2]), i.e., the forensic accountant was not hired “solely” or “exclusively” for litigation purposes. We reject that contention. “[T]o fall within the conditional privilege of CPLR 3101 (subd [d], par 2), the material sought must be prepared solely in anticipation of litigation . . . ‘Mixed purpose reports are not exempt from disclosure under CPLR 3101 (subd [d], par 2)’” (Zampatori v United Parcel Serv., 94 AD2d 974, 975 [4th Dept 1983]; see Tenebruso v Toys “R” Us—NYTEX, 256 AD2d 1236, 1237-1238 [4th Dept 1998]). “When a party claims that particular records or documents are exempt or immune from disclosure, the burden is on the party asserting such immunity . . . This burden is imposed because of the strong policy in favor of full disclosure” (Central Buffalo Project Corp. v Rainbow Salads, 140 AD2d 943, 944 [4th Dept 1988], citing Koump v Smith, 25 NY2d 287, 294 [1969]), and it “ ‘cannot be satisfied with wholly conclusory allegations’ ” (Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d 995, 996 [3d Dept 2013]). Rather, “[s]uch burden is met ‘by identifying the particular material with respect to which the privilege is asserted and establishing with specificity that the material was prepared exclusively in anticipation of litigation’” (Ligoure v City of New York, 128 AD3d 1027, 1028 [2d Dept 2015]).
 

 We conclude that defendant met its burden of establishing that the forensic accountant and his firm were retained in anticipation of litigation. Although we concluded in Micro-Link II and Micro-Link III that defendant’s Town Board did not resolve to commence a counterclaim until years after plaintiff commenced its action, the Town Board had begun discussing possible litigation on the contract with plaintiff well before the accountant was retained, as a result of a State Comptroller’s report suggesting that plaintiff had been overpaid.
 

 Contrary to plaintiff’s final contentions, the forensic accountant’s materials do not constitute a “ ‘mixed file’ subject to disclosure” (Commerce & Indus. Ins. Co. v Laufer Vision World, 225 AD2d 313, 314 [1st Dept 1996]), and plaintiff has “failed to establish that [it] had a substantial need for the [materials] . . . and could not, without undue hardship, obtain the substantial equivalent of the [materials] by other means” (Daniels v Armstrong, 42 AD3d 558, 558 [2d Dept 2007]; cf. Litvinov v Hodson, 74 AD3d 1884, 1886 [4th Dept 2010]). Indeed, plaintiff may hire its own forensic accountant to obtain the information sought.
 

 Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.