Matter of Dagan B. (Calla B.) (2019 NY Slip Op 03496)





Matter of Dagan B. (Calla B.)


2019 NY Slip Op 03496


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


319 CAF 17-01274

[*1]IN THE MATTER OF DAGAN B. ONTARIO COUNTY DEPARTMENT OF SOCIAL SERVICES CHILD PROTECTIVE UNIT, PETITIONER-RESPONDENT; CALLA B., RESPONDENT-APPELLANT. (APPEAL NO. 1.)






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR RESPONDENT-APPELLANT.
HOLLY A. ADAMS, COUNTY ATTORNEY, CANANDAIGUA, FOR PETITIONER-RESPONDENT. 
TIFFANY M. SORGEN, CANANDAIGUA, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Ontario County (Frederick G. Reed, A.J.), entered July 5, 2017 in a proceeding pursuant to Family Court Act article 10. The order, among other things, placed the subject child in the care and custody of petitioner until the next permanency hearing. 
It is hereby ORDERED that said appeal from the order insofar as it concerns disposition is unanimously dismissed and the order is affirmed without costs.
Memorandum: In this neglect proceeding pursuant to Family Court Act article 10, respondent mother appeals from an order of disposition that, inter alia, continued the placement of the subject child in the care and custody of petitioner (DSS). Although the mother's challenge to the disposition "is moot inasmuch as it is undisputed that superseding permanency orders have since been entered" (Matter of Anthony L. [Lisa P.], 144 AD3d 1690, 1691 [4th Dept 2016], lv denied 28 NY3d 914 [2017]), and the exception to the mootness doctrine does not apply (cf. Matter of Jamie J. [Michelle E.C.], 30 NY3d 275, 281 [2017]), her appeal brings up for review the order of fact-finding determining that the mother neglected the child (see Anthony L., 144 AD3d at 1691). However, on a prior appeal, we determined that DSS established by a preponderance of the evidence that the child was neglected as a result of the mother's mental illness and rejected the mother's contention that a finding of mental illness must be supported by a particular diagnosis or by medical evidence (Matter of Thomas B. [Calla B.], 139 AD3d 1402, 1403-1404 [4th Dept 2016]). "That determination is the law of the case, which forecloses the mother's challenge to that finding in the instant appeal" (Matter of Burke H. [Richard H.], 134 AD3d 1499, 1503 [4th Dept 2015]). Contrary to the mother's contention, there was no new evidence presented at the dispositional hearing that would change our prior determination, nor was there any showing of any subsequent change in the law (see Matter of Renee P.-F. v Frank G., 161 AD3d 1163, 1165-1166 [2d Dept 2018], lv denied 32 NY3d 910, 911 [2018]; Matter of Yamilette M.G. [Marlene M.], 118 AD3d 698, 699 [2d Dept 2014], lv denied 24 NY3d 906 [2014]; see generally Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1640 [4th Dept 2017]).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court