Color Dynamics, Inc. v Kemper Sys. Am., Inc. (2020 NY Slip Op 04649)





Color Dynamics, Inc. v Kemper Sys. Am., Inc.


2020 NY Slip Op 04649


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


262 CA 19-01234

[*1]COLOR DYNAMICS, INC., PETITIONER-APPELLANT,
v
KEMPER SYSTEM AMERICA, INC., RESPONDENT-RESPONDENT. 






HURWITZ & FINE, P.C., BUFFALO (EARL K. CANTWELL OF COUNSEL), FOR PETITIONER-APPELLANT. 
GAINEY, MCKENNA & EGLESTON, NEW YORK CITY (BARRY J. GAINEY OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered June 7, 2019. The order denied the motion of petitioner to compel respondent to produce certain documents. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: This appeal arises from a building renovation project for which petitioner was hired as general contractor. As part of the project, petitioner installed a waterproofing system, manufactured by respondent, on the building's recreation deck. Within about one year of the project's completion, however, the recreation deck allegedly showed signs that the waterproofing system had failed. The condominium association that retained petitioner thereafter initiated an arbitration proceeding against petitioner, and the arbitrator issued a subpoena duces tecum to compel respondent to produce various documents requested by petitioner. Petitioner then commenced this proceeding seeking, inter alia, to compel respondent to comply with the subpoena, and Supreme Court entered an order directing respondent to comply with the subpoena. Respondent responded by producing some, but not all, of the documents in question, and petitioner thereafter filed a motion to compel the production of certain remaining documents. Respondent opposed the motion, contending that the documents in question consisted of consultant reports prepared for respondent in the course of respondent's investigation of the allegedly defective waterproofing system and were immune from disclosure because they constituted material prepared in anticipation of litigation, as well as attorney work product, and because they were protected by attorney-client privilege (see CPLR 3101 [b-d]). Petitioner now appeals from an order denying its motion. We affirm.
" When a party claims that particular records or documents are exempt or immune from disclosure, the burden is on the party asserting such immunity' " (Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1643 [4th Dept 2017]). In support of its claim of immunity, respondent submitted, among other things, the affidavits of its outside litigation counsel and chief financial officer (CFO). Those affidavits explained that, prior to the preparation of the earliest of the consultant reports, respondent was informed that the condominium association was considering legal action against it, that respondent then contacted outside litigation counsel, and that outside litigation counsel directed respondent to conduct testing and prepare the relevant reports in order to assist in the defense of a possible future claim against it. Both affidavits confirmed that the consultant reports were generated for the sole purpose of handling the threatened legal action. Respondent's CFO further averred that respondent does not prepare such reports in the normal course of business, and that it did so here only after litigation was threatened and at the direction of counsel.
Although we are not bound by respondent's characterizations of the consultant reports as material prepared in anticipation of litigation, we perceive no justification for disregarding the contents of the affidavits submitted by respondent's litigation counsel and CFO (see Roswell Park Cancer Inst. Corp. v Sodexo Am., LLC, 68 AD3d 1720, 1722 [4th Dept 2009]). We thus conclude that the court did not abuse its discretion in denying the motion on the ground that the reports in question were material prepared in anticipation of litigation, and petitioner failed to demonstrate a substantial need for such information and that it was unable to obtain the substantial equivalent of that information without undue hardship (see CPLR 3101 [d] [2]; Foley v West-Herr Ford, Inc., 32 AD3d 1236, 1236 [4th Dept 2006]; see also Micro-Link, LLC, 155 AD3d at 1643). Although petitioner contends that it no longer has access to the data contained within respondent's consultant reports, on this record, petitioner failed to establish the need for such data or that it did not already obtain, or could not obtain, the "substantial equivalent" of such data through the investigation and expert review that petitioner has already undertaken or could undertake in the future (CPLR 3101 [d] [2]; see generally Micro-Link, LLC, 155 AD3d at 1643).
In light of our determination, we do not address whether the documents in question are independently immune from disclosure under attorney-client privilege or as attorney work product.
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court