Matter of Lerner v Credit Suisse Sec. (USA) LLC (2021 NY Slip Op 02604)





Matter of Lerner v Credit Suisse Sec. (USA) LLC


2021 NY Slip Op 02604


Decided on April 29, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 29, 2021

Before: Kapnick, J.P., Moulton, Scarpulla, Mendez, JJ. 


Index No. 652771/19, 657268/19 Appeal No. 13721-13722 Case No. 2020-03381, 2020-05002N 

[*1]In the Matter of Joseph Todd Lerner et al., Petitioners-Respondents,
v
Credit Suisse Securities (USA) LLC, Respondent-Appellant.
Credit Suisse Securities (USA) LLC, Petitioner-Respondent-Appellant,
v
Richard DellaRusso et al., Respondents-Appellants-Respondents.


Epstein Becker & Green, P.C., New York (Kenneth J. Kelly of counsel), for appellant.
Lax & Neville LLP, New York (Barry R. Lax of counsel), for appellants-respondents/respondents.
Dewey Pegno & Kramarsky LLP, New York (David S. Pegno of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Andrea Masley, J.), entered July 17, 2020, which, to the extent appealed from as limited by the briefs, granted petitioners Joseph Todd Lerner and Anna Sarai Winderbaum's petition to confirm and denied respondent Credit Suisse Securities (USA) LLC's cross petition to vacate an arbitration award insofar as it awarded liquidated damages and attorneys' fees under Labor Law § 198(1-a), unanimously reversed, on the law, without costs, and the cross petition granted.
Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about September 30, 2020, which, to the extent appealed from as limited by the briefs, denied petitioner Credit Suisse Securities (USA) LLC's petition and respondents Richard DellaRusso and Mark Sullivan's cross motion to vacate an arbitration award insofar as it awarded attorneys' fees under Labor Law § 198(1-a) and prejudgment interest at a rate of 4%, rather than 9%, unanimously modified, on the law, to grant the cross motion to the extent of vacating the award for attorneys' fees under Labor Law § 198(1-a), and otherwise affirmed, without costs.
The arbitration panels manifestly disregarded the law in determining that the Labor Law applied and awarding liquidated damages and/or attorneys' fees thereunder. The subject deferred equity-based compensation did not constitute "wages" within the meaning of Labor Law § 190(1) because, although it was initially awarded in recognition of each employee's personal performance, its ultimate value was dependent on the future market value of the company stock (see Truelove v Northeast Capital & Advisory, 95 NY2d 220, 223-224 [2000]; Beach v Touradji Capital Mgt., LP, 128 AD3d 501 [1st Dept 2015]; Guiry v Goldman, Sachs & Co., 31 AD3d 70 [1st Dept 2006], appeal withdrawn 7 NY3d 809 [2006]). The fact that the employees' rights to this compensation had already vested is irrelevant (see Schoenbach v Insight Venture Mgt., LLC, 2019 NY Slip Op 30473[U], *7-9 and n 2 [Sup Ct, NY County 2019]; Gunthel v Deutsche Bank AG, 2005 NY Slip Op 30361[U], *18 [Sup Ct, Genesee County 2005], revd in part on other grounds 32 AD3d 335 [1st Dept 2006]; Gilman v Marsh & McLennan Cos., Inc., 868 F Supp 2d 118, 127, 135-136 [SD NY 2012], affd 654 Fed Appx 16 [2d Cir 2016]; International Bus. Machs. v Martson, 37 F Supp 2d 613, 617-618 [SD NY 1999]).
However, DellaRusso and Sullivan failed to demonstrate that the arbitral panel refused to apply or ignored "well defined, explicit, and clearly applicable" law (Zurich Am. Ins. Co. v Team Tankers A.S., 811 F3d 584, 589 [2d Cir 2016] [internal quotation marks omitted]) in awarding prejudgment interest at a rate of 4% rather than the statutory 9% (see Labor Law § 198[1-a]; CPLR 5001; CPLR 5004; Oracle Corp. v Wilson, 276 F Supp 3d 22, 33-34 [SD NY 2017], appeal withdrawn 2017 WL 8289590 [2d Cir 2017]; Coastal Caisson Corp. v E.E. Cruz/NAB/Frontier-Kemper, 2007 WL 2285936, *7-8, 2007 US Dist LEXIS 58114, *20-24 [SD NY [*2]2007], reversed in part on other grounds 346 Fed Appx 717 [2d Cir 2009]; Nicoletti v E.F. Hutton & Co., Inc., 761 F Supp 312, 314-315 [SD NY 1991]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 29, 2021