Baker v Greentech Capital Advisors, L.P. (2022 NY Slip Op 05744)

Baker v Greentech Capital Advisors, L.P.

2022 NY Slip Op 05744

Decided on October 13, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 13, 2022

Before: Kapnick, J.P., Webber, Oing, González, Kennedy, JJ. 

Index No. 650243/20 Appeal No. 16411 Case No. 2021-04324 

[*1]Kyle Jones Baker, Plaintiff-Appellant,
v
Greentech Capital Advisors, L.P., et al., Defendants-Respondents.

Arkin Solbakken LLP, New York (Deana Davidian of counsel), for appellant.
Paul Hastings, LLP, New York (Patrick W. Shea of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer Schecter, J.), entered on or about October 6, 2021, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment, and granted defendants' motion to dismiss the claims for breach of contract insofar as they alleged that defendant Greentech Capital Advisors, L.P. did not satisfy the contractual notice requirements of the third amended and restated limited partnership agreement (the partnership agreement) and otherwise breached Section 4.1(b) of the partnership agreement, and that Greentech violated article 6 of the New York Labor Law, unanimously affirmed, without costs.
Plaintiff failed to state a claim for violation of article 6 of the Labor Law, as her equity-based compensation did not constitute "wages" within the meaning of Labor Law § 190(1). The ultimate value of plaintiff's equity-based compensation was contingent on the company's future market value, and thus, was dependent, at least in part, on the financial success of the business enterprise. As a result, the compensation that plaintiff seeks to recover is a form of incentive compensation in the nature of a profit-sharing arrangement. However, Labor Law article 6 contemplates an entirely different type of compensation — that is, compensation directly related to an employee's individual performance, as distinct from compensation based on the performance of the entire business enterprise (see Matter of Lerner v Credit Suisse Sec. (USA) LLC,193 AD3d 649, 650 [1st Dept 2021], lv denied 38 NY3d 902 [2022]; Guiry v Goldman, Sachs & Co., 31 AD3d 70, 72 [1st Dept 2006]).
As to plaintiff's motion for summary judgment, the call notice stating that Greentech intended to repurchase plaintiff's equity units was not, in fact, defective, and therefore, plaintiff did not continue to own those units after the repurchase. The applicable Delaware law allows for the conclusion that Greentech's substantial compliance with the notice requirements in the partnership agreement was sufficient under the circumstances here, and thus, that Greentech did, in fact, effectively exercise its option to repurchase the units (see e.g. Kelly v Blum, 2010 WL 629850, *8, n 52, 2010 Del Ch LEXIS 31, *30 n 52 [Del Ch, Feb. 24, 2010, CV-4516-VCP]; Arneault v Diamondhead Casino Corp., 2019 WL 2498919, *3, 2019 US Dist. LEXIS 93108, *9 [D Del, June 4, 2019, C.A. No. 16-989-LPS]; IP Network Sols., Inc. v Nutanix, Inc., 2022 WL 369951, *9, 2022 Del Super LEXIS 62, *22-23 [Del Super Ct, Feb. 8, 2022, C.A. No. N21C-04-014 PRW CCLD]). As a result, Supreme Court properly dismissed the claim that Greentech breached the partnership agreement by failing to abide by the notice requirements. Similarly, because plaintiff no longer owned the
equity units after the repurchase, Supreme Court properly dismissed the claims alleging that Greentech had breached section 4.1(b) of the partnership agreement by failing to pay a distribution to plaintiff for those equity [*2]units. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 13, 2022