Fusco v Hansen (2024 NY Slip Op 03262)

Fusco v Hansen

2024 NY Slip Op 03262

Decided on June 14, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, NOWAK, AND KEANE, JJ.

261 CA 23-00056

[*1]AARON A. FUSCO, PLAINTIFF-RESPONDENT,
v
BRYAN T. HANSEN, DEFENDANT-APPELLANT. 

BURGIO, CURVIN & BANKER, BUFFALO (NICHOLAS M. ROSSI OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FROMEN, ATTORNEYS AT LAW, P.C., SNYDER, MAGAVERN MAGAVERN GRIMM LLP, BUFFALO (EDWARD J. MARKARIAN OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered December 6, 2022. The order denied the motion of defendant for leave to amend his answer and granted in part the cross-motion of plaintiff seeking, inter alia, an order compelling disclosure of certain investigative statements. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying plaintiff's cross-motion in its entirety, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that he allegedly sustained when the vehicle he was driving was involved in a collision with a vehicle owned and operated by defendant. After filing an answer to the complaint, defendant moved for leave to amend his answer to assert an affirmative defense premised on plaintiff's alleged failure to comply with General Municipal Law §§ 50-e, 50-h, and 50-i. According to defendant, at the time of the collision, he was operating his personal vehicle while in the scope of his employment with the West Valley Central School District, and he contended that plaintiff therefore had to comply with those provisions of the General Municipal Law, including the requirement to serve a notice of claim. Plaintiff cross-moved for an order, inter alia, compelling disclosure of the investigative statements defendant provided to his insurer regarding the subject collision, and for a determination that defendant was statutorily liable for the collision, regardless of whether he was acting within the scope of employment, pursuant to Vehicle and Traffic Law § 388. Supreme Court denied defendant's motion for leave to amend the answer, without prejudice and with leave to renew at the close of discovery. The court granted plaintiff's cross-motion in part by ordering an in camera inspection of the investigative statements that defendant provided to his insurer, and determining that, as a matter of law, "the [d]efendant in his individual capacity, as the titled and registered owner of the vehicle he was operating at the time of the collision which is the subject of this action, is statutorily liable pursuant to . . . Vehicle and Traffic [L]aw § 388 for the [p]laintiff's alleged damages regardless of whether the [d]efendant was operating his motor vehicle in the scope of his municipal employment with the West Valley Central School District and further notwithstanding whether said School District is vicariously responsible for [d]efendant's negligent conduct in the operation of his privately owned vehicle under the doctrine of respondeat superior." Defendant appeals.
Contrary to defendant's contention, the court did not abuse its discretion in denying his motion for leave to amend the answer. Although "[g]enerally, leave to amend a pleading should be freely granted in the absence of prejudice to the nonmoving party," a proposed amendment is properly denied if it is "patently lacking in merit" (Palaszynski v Mattice, 78 AD3d 1528, 1528 [4th Dept 2010] [internal quotation marks omitted]; see Travelers Cas. & Sur. Co. of Am. v Costanza, 125 AD3d 1358, 1360-1361 [4th Dept 2015]; Armstrong v Merrick, 99 AD3d 1247, [*2]1247 [4th Dept 2012]). Here, defendant failed to establish that his proposed affirmative defense is not patently lacking in merit. Most notably, "[s]ervice of [a] notice of claim upon an . . . employee of a public corporation shall not be a condition precedent to the commencement of an action . . . against such person" (General Municipal Law § 50-e [1] [b]), and defendant failed to allege any exception to that principle that would have otherwise required plaintiff to serve a notice of claim in this action against defendant only. The decision whether to grant a motion for leave to amend a pleading "is committed to the sound discretion of the court" (Palaszynski, 78 AD3d at 1528 [internal quotation marks omitted]; see Williams v New York Cent. Mut. Fire Ins. Co., 108 AD3d 1112, 1114 [4th Dept 2013]; Prego v Gutchess, 61 AD3d 1394, 1395 [4th Dept 2009]), and we perceive no abuse of discretion here, especially where the court's denial of defendant's motion was without prejudice and with leave to renew at a time when defendant may be able to establish that the affirmative defense is not patently lacking in merit.
We agree with defendant, however, that the court erred in granting that part of the cross-motion seeking an order compelling disclosure of the investigative statements that defendant provided to his insurer regarding the subject collision, and we therefore modify the order accordingly. The statements sought in plaintiff's cross-motion constitute materials "produced solely in connection with the report of an accident to a liability insurance carrier . . . with respect to plaintiff's claim [that] are not discoverable under CPLR 3101 (g), but rather are conditionally immunized from discovery under CPLR 3101 (d) (2)" (Beaumont v Smyth, 306 AD2d 921, 922 [4th Dept 2003] [internal quotation marks omitted]; see generally Johnson v Murphy, 121 AD3d 1589, 1590 [4th Dept 2014]). Plaintiff failed to establish either that he has a "substantial need of the materials" or that he is "unable without undue hardship to obtain the substantial equivalent of the materials by other means" (CPLR 3101 [d] [2]; see Color Dynamics, Inc. v Kemper Sys. Am., Inc., 186 AD3d 1024, 1025-1026 [4th Dept 2020]; see generally Micro-Link, LLC v Town of Amherst, 155 AD3d 1638, 1643 [4th Dept 2017]).
We likewise agree with defendant that the court erred in granting that part of the cross-motion seeking an order determining that defendant is "vicariously liable" for the accident pursuant to Vehicle and Traffic Law § 388. We therefore further modify the order accordingly. Section 388 extends liability to owners of vehicles being driven by another person "with the permission, express or implied, of such owner" (§ 388 [1]; see generally Oishei v Gebura, 221 AD3d 1529, 1530 [4th Dept 2023]). It is undisputed that, at the time of the collision, defendant was driving a vehicle that he owned, and thus section 388 does not apply here.
Entered: June 14, 2024
Ann Dillon Flynn
Clerk of the Court